STATE OF CONNECTICUT *v.* TYRONE KING
(2724)

SPALLONE, DALY and BIELUCH, Js.

Argued October 11, 1985—decision released February 18, 1986

*G. Douglas Nash,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

DALY, J. The defendant was convicted by a jury of a charge of robbery in the second degree in violation of General Statutes § 53a-135 (a) (2).[1] Earlier in the trial, the trial court had rendered a judgment of acquittal of robbery in the first degree, in violation of General Statutes § 53a-134 (a) (2).[2] On appeal, the defendant submits the following claims: (1) that the court denied him the right to notice of the crime charged by substituting the original first degree robbery count with

[1] General Statutes § 53a-135 (a) provides in pertinent part: "A person is guilty of robbery in the second degree when he commits robbery and . . . (2) in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument."

[2] General Statutes § 53a-134 (a) provides in pertinent part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . (2) is armed with a deadly weapon . . . ."

a count of second degree robbery, which it considered a lesser included offense; (2) that the court improperly instructed the jury by allowing them to consider two prior misdemeanor convictions in assessing the defendant's credibility; and (3) that he was denied the effective assistance of counsel with respect to the admission into evidence of the two prior misdemeanor convictions. We find that there is error on the first claim. Because this issue is dispositive of the case, we need not reach the other issues.

The facts are not in dispute. After having her hair done in a friend's second floor apartment, the victim attempted to leave the building. The first floor exit door was stuck, and she was advised by one of two black males standing by the door to use the exit upstairs at the other side of the building. She went to do this, and when she arrived at the other exit the same black male who had suggested the alternative exit reappeared. The victim became frightened and attempted to retreat, but the man grabbed her by the hand, showed her a black handgun and demanded her valuables. She turned over her cash and gold chains. Due to the commotion caused by the arrival of two boys on the scene, she eluded the robber and returned to her friend's second floor apartment. As she arrived at the apartment door, the victim thought she had heard a rifle being fired at her from downstairs by an unidentified male. The police were then notified.

The victim identified the defendant's photograph among an array at the Bridgeport police station and additionally made an in-court identification of the defendant. After the state rested its case, the defendant moved for a judgment of acquittal on the basis that the state failed to prove that the defendant was armed with a deadly weapon which was capable of discharging a shot. A judgment of acquittal was granted and

the trial court, pursuant to Practice Book § 883,[3] ordered the case to proceed with a lesser included offense, a robbery in the second degree in violation of General Statutes § 53a-135 (a) (2).

The defendant testified on his own behalf and denied that he had participated in the robbery or that he had been previously convicted of a "marijuana charge" and for "failure to appear." It developed that both convictions were misdemeanors: illegal possession of a controlled substance in violation of General Statutes (Rev. to 1983) § 19-481 (c)[4] and failure to appear in the second degree in violation of General Statutes § 53a-173. The trial court instructed the jury that they could consider the convictions with respect to the defendant's credibility. The defendant was subsequently convicted of robbery in the second degree.

The defendant objected on the record to the continuation of the trial after the judgment of acquittal on the charge of robbery in the first degree. A further objection at the time the jury was charged on the elements of robbery in the second degree was unnecessary because the earlier objection sufficiently apprised the court of the defendant's claim that robbery in the second degree, in violation of General Statutes § 53a-135 (a) (2), is not a lesser included offense of robbery in the first degree, in violation of General Statutes § 53a-134 (a) (2).

The defendant argues that he was compelled to defend against an offense of which he had no notice, because it was not an offense lesser to and included in first degree robbery with a deadly weapon. As required under the federal and state constitutions, the information should inform the defendant of the charge

[3] Practice Book § 883 provides in pertinent part: "Such judgment of acquittal shall not apply to any lesser included offense for which the evidence would reasonably permit a finding of guilty."

[4] General Statutes (Rev. to 1983) § 19-481 (c) is now § 21a-279 (c).

against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise. The information must be sufficiently definite to enable the defendant to plead his acquittal or conviction in bar of any future prosecution for the same offense. *State* v. *Vincent,* 194 Conn. 198, 205, 479 A.2d 237 (1984); *State* v. *Carter,* 189 Conn. 631, 646, 458 A.2d 379 (1983). It is a basic principle in criminal law that an accused is required to defend only against the charge alleged. *State* v. *Belton,* 190 Conn. 496, 501, 461 A.2d 973 (1983). "Under our practice, it is sufficient for the state to set out in the information the statutory name of the crime with which the defendant is charged, leaving to the defendant the burden of requesting a bill of particulars more precisely defining the manner in which the defendant committed the offense." *State* v. *Ruiz,* 171 Conn. 264, 270, 368 A.2d 222 (1976).

The constitutional basis for instructing a jury on lesser offenses is as follows: where one or more offenses are lesser than and included in the crime charged in the information, notice of the crime charged includes notice of all lesser included offenses. *State* v. *Castro,* 196 Conn. 421, 429, 493 A.2d 223 (1985). After granting the defendant's motion for judgment of acquittal on robbery in the first degree, under General Statutes § 53a-134 (a) (2), the trial court had the defendant presented on robbery in the second degree in violation of General Statutes § 53a-135 (a) (2), relying on Practice Book § 883.

The issue of lesser included offenses is addressed in *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980), which held in part that a jury instruction on a lesser included offense is justified only if "it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser . . . ." Id.; *State* v. *McCarthy,* 197 Conn. 247, 262, 496 A.2d 513 (1985);

*State* v. *Castro,* supra, 427; see also *State* v. *Fernandez,* 5 Conn. App. 40, 44–45, 496 A.2d 533 (1985). In light of *Whistnant,* we must determine whether robbery in the second degree is a lesser included offense to robbery in the first degree in order to address the defendant's claim of inadequate notice. To commit robbery in the first degree while being armed, the accused need not "(1) [be] aided by another person actually present; or (2) . . . [display or threaten the use of] what he represents by his words or conduct to be a deadly weapon or a dangerous instrument" as required for a conviction of robbery in the second degree. Robbery in the first degree can be committed without the perpetrator ever using or referring to a loaded gun that he, in fact, has in his pocket. *State* v. *Anderson,* 178 Conn. 287, 293–94, 422 A.2d 323 (1979). "He would be armed but never have displayed or threatened the use of a weapon as required in the crime of robbery in the second degree. And if no one was present aiding the accused, he would not be guilty of robbery in the second degree. Therefore, under the particular information in the present case, robbery in the second degree is not a lesser included crime." Id., 294. The court committed error in substituting the charge of robbery in the second degree. The conviction on that charge, therefore, must fail.

We conclude that the defendant was deprived of a fair trial with regard to the first issue, and in light of this, we need not address the remaining issues.

There is error, the judgment is set aside and the case is remanded with direction to render judgment finding the defendant not guilty of robbery in the second degree and to order that he be discharged.

In this opinion the other judges concurred.