STATE OF CONNECTICUT *v.* HECTOR F. PENA
(2269)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued December 8, 1983—decision released March 6, 1984

*Earl R. Williams,* for the appellant (defendant).

*Julia D. Dewey,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, *Patrick Clifford,* assistant state's attorney, and *John Pasquesi,* law student intern, for the appellee (state).

HULL, J. The defendant appeals from his conviction after a trial to the court, *Stodolink, J.,* for attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-70.[1] The issue raised is whether there was sufficient corroboration to admit into evidence the defendant's voluntary confession to the crime charged. On appeal, the defendant does not challenge the voluntariness of the confession.

The following facts are not in dispute. On April 23, 1979, at about 8:36 or 8:40 a.m., the victim, a young woman, was jogging in Edgewood Park in the city of New Haven. While jogging, she heard someone running behind her. Moments later she was grabbed from behind around the shoulders and neck and was knocked to the ground where she landed on her back. The defendant, Hector Pena, then straddled her body. His legs were on each of her sides and he was, more or less, sitting on her stomach. He was holding her hands down by her shoulders and the victim was struggling and screaming. Within thirty seconds she freed her left hand and scratched the defendant on the neck. At this point, the defendant removed himself from her body and ran away. The victim complained to a New Haven police officer and within minutes, while running out of the park, the defendant was apprehended by a New Haven police officer. Shortly thereafter the victim identified the defendant as her assailant. When apprehended the defendant was wearing the type of clothing described by his victim, his face was scratched and his pants were unzipped.

The voluntary statement of the defendant mirrored the victim's complaint. He said that he intended to have sexual intercourse with the victim.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

General Statutes § 53a-70 (a) defines sexual assault in the first degree as follows: "A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person . . . which reasonably causes such person to fear physical injury to such person."

General Statutes § 53a-49 defines criminal attempt as follows: "(a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for the commission of the crime he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act . . . constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." Thus, to prove the defendant guilty of attempted sexual assault in the first degree, the state must prove beyond a reasonable doubt that the defendant, with the intention to use force to compel the victim to have sexual intercourse with him, committed an act which was a substantial step aimed at achieving sexual intercourse.

The defendant hews a narrow line in his appeal. He admits to the use of force on the victim. He claims, however, that there was no evidence that the defendant sexually assaulted the victim or that he attempted to have contact with her intimate parts. Thus, the defendant claims that in the absence of sexually related evidence the state failed to establish the corpus delicti prerequisite to permitting the confession into evidence, and that, as a result, the court erred in convicting him on the basis of the confession and other corroborative evidence. We do not agree.

Proof of the corpus delicti was necessary in order to admit the defendant's confession into evidence at the trial. *State* v. *DelVecchio,* 191 Conn. 412, 428–29, 464

A.2d 813 (1983). The nature of the proof required was delineated in *State* v. *Tillman,* 152 Conn. 15, 202 A.2d 494 (1964). In *State* v. *Tillman,* supra, the court adopted the definition of corpus delicti as propounded by Wigmore: "Under the Wigmore definition, the corpus delicti consists of the occurrence of the specific kind of loss or injury embraced in the crime charged. We adopt this definition. Under it, in a homicide case, the corpus delicti is the fact of the death, whether or not feloniously caused, of the person whom the accused is charged with having killed or murdered. 7 Wigmore, [Evidence (3d Ed.)] § 2072, pp. 401, 403." (Footnote omitted.) *State* v. *Tillman,* supra, 20.

Wigmore identified three components of a crime: first, the occurrence of the specific kind of loss or injury embraced by the crime; second, someone's criminality as the source of the loss; and third, the accused's identity as the one who committed the crime. 7 Wigmore, supra, 401. Wigmore's definition of corpus delicti, as adopted in *State* v. *Tillman,* supra, includes only the first of the elements listed above. Proof of both the first and second elements was necessary to meet the corpus delicti standard prior to *State* v. *Tillman.* The fact that the specific crime charged was committed by someone, the second Wigmore definitional component, was found to be an unnecessary component by the *Tillman* court.

The court further stated in *State* v. *Tillman,* supra, 20: "This change in definition requires us to overrule our cases of *State* v. *LaLouche* [116 Conn. 691, 693, 166 A. 252 (1933)]; *State* v. *Skinner* [132 Conn. 163, 166, 43 A.2d 76 (1945)]; *State* v. *Guastamachio* [137 Conn. 179, 182, 75 A.2d 429 (1950)]; and *State* v. *Doucette* [147 Conn. 95, 100, 157 A.2d 487 (1959)], to the extent that they define the term corpus delicti as meaning the fact that the crime charged was committed by someone. Incidentally, we also point out that while the requisite corroborative evidence must be material and substan-

tial, it may be circumstantial in nature." Thus, the significant effect of *State* v. *Tillman,* supra, was to eliminate the requirement of proof of criminality as an element of corpus delicti. The current requirement is that "[t]here must be such extrinsic corroborative evidence as will, when viewed in connection with the confession, establish the corpus delicti . . . in the mind of the trier beyond a reasonable doubt." *State* v. *Ruth,* 181 Conn. 187, 198, 435 A.2d 3 (1980).

The court in *State* v. *Grant,* 177 Conn. 140, 144–45, 411 A.2d 917 (1979), considering the issue of corpus delicti in a case involving attempted burglary, defined corpus delicti as the fact "that the specific acts embraced in the crime of attempted burglary had occurred." The acts involved concerned attempted burglary, not burglary itself.

Considered in the light of the foregoing principles, the evidence in this case more than adequately establishes the corpus delicti that the specific kind of loss or injury of attempted sexual assault in the first degree had occurred.

Grabbing the victim from behind and knocking her to the ground on her back; the defendant's straddling of her body, sitting on her stomach with his legs on each side of her; the defendant's holding the victim's hands down by her shoulders; the victim's struggling and screaming; the victim's scratching the defendant on the neck; the defendant's flight and having an unzipped zipper when apprehended all establish the existence of the defendant's taking a substantial step with the intention to commit the crime of sexual assault in the first degree. To hold otherwise would fly in the face of common sense and human experience.

There was sufficient independent evidence from which the court reasonably could have found that the state had proven the corpus delicti; that is that the

specific acts embraced in the crime of attempted sexual assault in the first degree had occurred. This evidence, although circumstantial in nature, was both material and substantial.

The corroborative evidence was more than sufficient to allow the defendant's confession into evidence and, when considered with that confession, constituted sufficient evidence to justify the court's finding the defendant guilty of attempted sexual assault in the first degree beyond a reasonable doubt.

There is no error.

In this opinion the other judges concurred.