UNITED STATES of America,
Plaintiff–Appellee,

v.

Janeth GRIZALES,
Defendant–Appellant.

No. 88–1412.

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1988.
Decided Sept. 21, 1988.

Mary Ellen Dienes, Chicago, Ill., for defendant-appellant.

David Glockner, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before EASTERBROOK and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Janeth Grizales appeals from her conviction for possession of cocaine with intent to distribute, and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).

I

Grizales was charged in three counts of a five-count indictment, along with co-defendants Alberto Rojas (also known as Alberto Suarez) and Jose Rojas (also known as Jose Suarez). Count One of the indictment charged appellant and her co-defendants with conspiracy to possess cocaine with intent to distribute and conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Count Four charged the three defendants with possession with intent to distribute, and with distribution of 126 grams of cocaine on April 13, 1987, in violation of 21 U.S.C. § 841(a)(1). Count Five charged Alberto and Jose Rojas and Janeth Grizales with possession with intent to distribute, and distribution of 1934 grams of cocaine

on April 14, 1987, in violation of 21 U.S.C. § 841(a)(1). Following a jury trial, Grizales was acquitted on Count One and Count Four and convicted on Count Five.

Appellant was arrested on April 14, 1987, at the conclusion of a transaction for the sale of two kilograms of cocaine between Amporo Saavedra and Jose Rojas and Drug Enforcement Agency ("DEA") agent Leo Arreguin, Jr. Prior to April 14, Arreguin had made two cocaine purchases from Saavedra. Grizales was involved in the second of those two earlier transactions on April 13, 1987, as well as the April 14, 1987 sale that led to her arrest. On both occasions Grizales drove either Alberto Rojas or Alberto and his brother Jose Rojas (the record is not clear whether both of the Rojas brothers were present on April 13) in her automobile to the parking lot of a Chicago-area Kentucky Fried Chicken store where they rendezvoused with Saavedra. Saavedra and Grizales parked their automobiles near one another's, whereupon Alberto exited appellant's vehicle and entered Saavedra's vehicle.

On April 13, Alberto carried a bag or package containing some five ounces of cocaine when he exited Grizales' car. After talking briefly with Saavedra, he handed her the package, got back out of her automobile, and reentered Grizales' vehicle. Saavedra then left the parking lot, met Arreguin and completed the transaction. On April 14, 1987 a similar sequence of events transpired. At the request of Alberto Rojas, Grizales picked up his brother and him at a street corner in her automobile. When Alberto got into Grizales' car, he was carrying a brown paper grocery bag. After eventually driving some two miles and arriving at the Kentucky Fried Chicken store in appellant's car, Alberto Rojas got out of the front seat and walked to Saavedra's automobile. Rojas sat down in the front seat of Saavedra's car. After speaking with Saavedra for a short time, he got out of her car and reached into the passenger-side window of Grizales' vehicle, pulling out a brown paper bag. Alberto handed the bag to his brother Jose, who had also emerged from appellant's vehicle,

and instructed him to go with Saavedra. Jose and Saavedra left the parking lot and drove to meet DEA agent Arreguin.

After the delivery of the bag, which Saavedra told Arreguin contained two kilograms of cocaine, Saavedra and Jose Rojas were arrested by the DEA agents who witnessed the transaction. Shortly thereafter, Grizales and Alberto Rojas were arrested at the Kentucky Fried Chicken store parking lot where they were waiting for Jose to return. At the trial, DEA agent William Furay testified that at the time of her arrest, after being advised of her rights, appellant made a statement to Frank Tucci, one of the arresting DEA agents, wherein she revealed, *inter alia*, that when she picked up Alberto and Jose Rojas on the evening of April 14, she knew the brown paper bag Alberto was carrying contained cocaine. Grizales made a second statement to agents at the DEA field headquarters after being advised of her rights a second time. Lake County, Indiana Sheriff's Department Sergeant Larry Wirtz, a member of the Chicago area DEA Task Force, testified that in the course of making this second statement, appellant repeated the admission that when she picked up Alberto and Jose earlier that evening, she knew the brown paper bag Alberto was carrying contained cocaine.

Prior to trial, Grizales entered a motion to suppress any evidence pertaining to either of her post-arrest statements. That motion was denied by the district court. At trial, Grizales denied having made either statement on the evening of April 14, 1987.

## II

Grizales alleges that there is not sufficient evidence in the record to support her § 841(a)(1) conviction. She also asserts that her conviction should be reversed because she was denied effective assistance of counsel at trial. Finally, appellant asserts that the district court erred in imposing sentence on her. Each of these contentions will be addressed in turn.

### A. The Sufficiency of the Evidence Claim—The Knowledge Element of the § 841(a)(1) Offense

■ Appellant asserts that there was not sufficient evidence in the trial record to establish her guilt on the Count Five § 841(a)(1) charge. The key to that assertion is appellant's contention that the government failed to adequately prove that she had knowledge that the material in the brown paper bag which she transported in her automobile on April 14, 1987 was cocaine.[1]

Grizales maintains that the only proof the government adduced to establish the knowledge element of the § 841(a)(1) offense was the two statements she allegedly made following her arrest. Although she alleges in her brief that the statements were "demonstrably unreliable," appellant does not raise the issue of their admissibility on this appeal. Instead, Grizales claims that the two statements were not corroborated. Therefore, appellant claims that the evidence in the record, consisting solely of the two admissions, is insufficient to establish that she had knowledge of the contents of the paper bag.

In evaluating a sufficiency of the evidence claim it is not our role "to weigh the evidence or to determine the credibility of witnesses. The verdict of the jury must be sustained if there is substantial evidence, taking the view that is most favorable to the government, to support it." *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), *quoted in United States v. Kord*, 836 F.2d 368, 371 (7th Cir.1988). "Only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict."

---

1. The *mens rea* element for the § 841(a)(1) offense is established by the words of the statute which state:

   (a) Except as authorized by this subchapter, it shall be unlawful for any person *knowingly* or *intentionally*—

   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. (emphasis added)

*Brandom v. United States*, 431 F.2d 1391, 1400 (7th Cir.1970), *cert. denied*, 400 U.S. 1022, 91 S.Ct. 586, 27 L.Ed.2d 634 (1971), *quoted in United States v. Whaley*, 830 F.2d 1469, 1473 (7th Cir.1987) and *United States v. Moore*, 764 F.2d 476, 478 (7th Cir.1985).

The focus of our analysis of appellant's sufficiency of the evidence argument is indicated by the nature of her claim. Grizales asserts that except for her two post-arrest statements, there is no evidence in the record to establish that she had knowledge of the contents of the paper bag. Because she believes that her statements are not corroborated by other evidence as to her knowledge of the bag's contents, appellant submits that as a matter of law, the evidence is insufficient to support her conviction.

"[I]t is a settled principle of the administration of criminal justice in the federal courts that a conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused." *Wong Sun v. United States*, 371 U.S. 471, 488–89, 83 S.Ct. 407, 419, 9 L.Ed.2d 441 (1963), *cited in United States v. Fearn*, 589 F.2d 1316, 1321 (7th Cir.1978). *See also United States v. Kerley*, 838 F.2d 932, 940 (7th Cir.1988) (citing *Opper v. United States*, 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101 (1954)); *United States v. Roth*, 777 F.2d 1200, 1206 (7th Cir.1985). When an appellant challenges the sufficiency of the evidence supporting her conviction, alleging that the conviction was based solely on her own statements, a reviewing court must determine whether there is "substantial independent evidence which would tend to establish the trustworthiness of the statement." *Opper*, 348 U.S. at 93, 75 S.Ct. at 164, *quoted in Kerley*, 838 F.2d at 940. This requirement of corroboration of a defendant's statements extends beyond strict confessions to cover statements by the accused that show essential elements of the crime. *Opper*, 348 U.S. at 91, 75 S.Ct. at 160–61, *quoted in Fearn*, 589 F.2d at 1321. Because they have the "same possibilities for error as confessions," statements by an accused that tend to prove the elements of a crime must be corroborated by other reliable evidence. *Id.*

"The requirement of corroboration does not affect the competence or admissibility of the admission, but necessitates a determination of whether the remaining evidence *aliunde* the admission is sufficient to sustain the conviction." *Fearn*, 589 F.2d at 1321–22. In our case, the corroboration requirement does not mean that the evidence other than the Grizales' statement must independently establish the knowledge element of the charged § 841(a)(1) offense. *United States v. Bukowski*, 435 F.2d 1094, 1106 (7th Cir.1970), *cert. denied*, 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971). *See also United States v. Trombley*, 733 F.2d 35, 37 (6th Cir.1984). Rather, "[t]he purpose of corroboration is to ensure the reliability of the ... admission of the accused." *Bukowski*, 435 F.2d at 1106. "It is sufficient if corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth." *Opper*, 348 U.S. at 93, 75 S.Ct. at 164, *quoted in Bukowski*, 435 F.2d at 1106.

Thus, in the present case our initial task is to ascertain if in fact there is extrinsic evidence to corroborate Grizales' statements. If we discern such corroborating evidence in the record, then we must determine whether that evidence, along with the two statements, is sufficient to support a finding beyond a reasonable doubt that appellant did know that the brown paper bag contained cocaine. *See Roth*, 777 F.2d at 1207. If the evidence justifies both of these conclusions, our inquiry is at an end. *See Opper*, 348 U.S. at 93, 75 S.Ct. at 164–65. *See also Trombley*, 733 F.2d at 38 ("If there is extrinsic evidence tending to corroborate the confession, the confession as a whole is admissible, and some elements of the offense may be proven entirely on the basis of a corroborated confession.").

Grizales' assertion that the statements are not corroborated by other evidence in the record is incorrect. It is true, as Grizales points out, that the evidence does not demonstrate either that she was present when the cocaine in the bag was wrapped

or sold or that she ever saw inside the bag. However, her argument ignores the existence of a substantial amount of circumstantial evidence that could rationally support the finding that she was aware that the paper bag she transported in her car contained cocaine. We believe that circumstantial corroboration, along with appellant's two admissions, are sufficient to support the finding beyond a reasonable doubt that Grizales did have knowledge of the fact that the paper bag contained cocaine. *See Bukowski*, 435 F.2d at 1106 (finding circumstantial evidence alone adequate to satisfy the requirement that a defendant's statements be corroborated). *See also United States v. Vargas*, 583 F.2d 380, 384 (7th Cir.1978) ("knowledge may be proven by circumstantial evidence."); *Jackson v. United States*, 330 F.2d 679, 681 (8th Cir.), *cert. denied*, 379 U.S. 855, 85 S.Ct. 105, 13 L.Ed.2d 58 (1964).

On April 14, 1987 Grizales drove Alberto Rojas and Jose Rojas to the same Kentucky Fried Chicken store she had driven one or both of them to the day before. At the store they rendezvoused with the same automobile, driven by the same woman (Saavedra) they had met on April 13. Appellant and Alberto Rojas both testified that the windows of both cars were up, and the doors closed at the time of both encounters in the Kentucky Fried Chicken parking lot. In contrast, Saavedra testified that on April 13, Grizales had sat in her car in the same parking lot with the driver's side window down, one parking space away from Saavedra's car while Saavedra and Alberto Rojas sat in her car, with the passenger-side door open, discussing the details of the five-ounce cocaine sale they transacted that day. Saavedra testified further that on April 14, 1987 Grizales parked her car one parking space from Saavedra's car and sat there while Alberto

and Saavedra sat in her car, with the passenger door open, discussing the details of the two-kilogram sale Saavedra had agreed to make to DEA agent Arreguin on that day.

■ Grizales' observation of, and participation in, the cocaine transactions that transpired between the Rojas brothers and Amporo Saavedra on April 13 and 14, 1987 serve to corroborate Grizales' two admissions that she did have knowledge that the brown paper bag she transported in her automobile on April 14, 1987 contained cocaine. If the jury chose to believe Saavedra's testimony as true, it could have found that on both days in question Grizales sat within one parking space, observing and listening to the conversations involved in the two cocaine transactions consummated by Saavedra and Alberto Rojas on those days. Accordingly, after viewing the totality of the evidence, as we must, in the light most favorable to the government's case, *Glasser*, 315 U.S. at 80, 62 S.Ct. at 469, we are convinced that the two admissions and the evidence corroborating them were sufficient to support a finding beyond a reasonable doubt that appellant did know that the bag contained cocaine. Accordingly, Grizales' sufficiency of the evidence claim is rejected.[2]

### B. The Ineffective Assistance of Counsel Claim

■ Grizales contends that at trial she was denied effective assistance of counsel. She cites three acts of omission by her trial counsel in support of that claim. First, with regard to the pre-trial motion to suppress the two post-arrest statements, appellant points out that her trial counsel failed to submit an affidavit from her in support of the motion and further failed to request a hearing on the motion. Second,

---

**2.** Appellant contends that the government failed to prove that the precise weight of the cocaine in the paper bag equaled the 1934 grams alleged in Count Five of the indictment. In light of that purported act of omission by the government, Grizales argues that she cannot be said to have been on "notice" as to the bag's contents and accordingly was not proven to have acted with the requisite knowledge required for a

§ 841(a)(1) conviction. Grizales cites no case authority to support the proposition that the knowledge element of the § 841(a)(1) offense necessarily requires proof that a certain minimum quantity of a controlled substance was involved in the transaction that led to indictment and prosecution. Absent such a rule pertaining to the § 841(a)(1) offense, we find no merit in appellant's contention.

Grizales notes that her trial counsel failed to reassert the issue of the voluntariness and admissibility of her post-arrest statements in the post-trial motion for a new trial. Finally, appellant cites trial counsel's failure to allege, in the motion for a new trial, that the government did not introduce evidence sufficient to prove the amount of cocaine involved in the April 14, 1987 transaction.

The standard for evaluating a Sixth Amendment ineffective assistance of counsel claim is well-established. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), *quoted in United States ex rel Link v. Lane*, 811 F.2d 1166, 1170 (7th Cir.1987). To warrant reversal of her conviction appellant must show "(1) that counsel's representation fell below an objective standard of reasonableness and (2) that [she] was prejudiced by trial counsel's failure [to perform adequately]." *Lane*, 811 F.2d at 1170 (citing *Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2064–65).

The Supreme Court has instructed that in evaluating the performance of a trial attorney we are to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Appellant "has a heavy burden in proving a claim of ineffectiveness of counsel." *Jarrett v. United States*, 822 F.2d 1438, 1441 (7th Cir.1987) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). The Supreme Court has further cautioned appellate courts to resist the temptation to "second-guess" the actions of trial counsel after conviction. *Id.* It is clear that the performance of trial counsel should not be deemed constitutionally deficient merely because of a tactical decision made at trial that in hindsight appears not to have been the wisest choice. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *United States v. Kennedy*, 797 F.2d 540, 543 (7th Cir.1986).

Grizales does not allege that she was prejudiced by the actions or acts of omission by her trial counsel. On close examination it becomes apparent that appellant's first two ineffective assistance of counsel contentions go to questions of trial tactics. Nothing in the case law pertaining to the Sixth Amendment right to effective counsel requires that an attorney exercise all possible procedural and substantive options in pursuit of a futile motion to suppress evidence. The same can be said for a trial counsel's failure to challenge the sufficiency of the evidence adduced by the government on a point (the weight of the cocaine involved in the April 14, 1987 transaction) that he may well have believed had been adequately established at trial.

Grizales' two post-arrest statements clearly were admissible. It was not necessary for the government to prove the precise weight of the cocaine in order to make out a § 841(a)(1) violation. Reduced to their essence, appellant's ineffective counsel claims constitute no more than weak efforts to second-guess the actions of trial counsel in a manner clearly not contemplated by *Strickland* and our precedent. For that reason and because appellant has not demonstrated that her defense was in any way prejudiced by the actions of trial counsel, we find no merit in her ineffective assistance of counsel claim.

### C. The Challenge to the Sentence Imposed

■ Grizales asserts that the district court erred when it imposed the five-year mandatory sentence called for by 21 U.S.C. § 841(b)(1)(B).[3] The sole substantive basis

---

**3.** The relevant portion of § 841(b)(1)(B) provides:

In the case of a violation of subsection (a) of this section involving—

(ii) 500 grams or more of a mixture or substance containing a detectable amount of—

(II) cocaine, its salts, optical and geometric isomers, and salts of isomers:

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years...."

for that assertion is the claim that the government failed to adequately prove at trial that the requisite 500 grams of cocaine set by § 841(b)(1)(B)(ii)(II) was involved in the April 14, 1987 transaction. We find Grizales' argument unpersuasive.

It is true that the government did not introduce testimonial or documentary evidence directly establishing that the exact weight of the cocaine sold to DEA agent Arreguin in fact matched the approximately 1934 grams of cocaine referred to in Count Five of the indictment. Nevertheless, careful examination of the record reveals numerous references by three witnesses to the amount of cocaine involved in the April 14, 1986 transaction as being two kilograms. Saavedra testified that Alberto Rojas informed her that even though DEA agent Arreguin had sought to purchase five kilograms, the transaction would instead involve two kilograms of cocaine. On cross-examination, Alberto Rojas confirmed that on the next day after his April 13, 1987 transfer of five ounces of cocaine to Saavedra, (April 14, 1987) he gave her two kilograms of cocaine. The uncontroverted testimony of Saavedra and Rojas, in conjunction with the testimony of DEA agent Arreguin that he had negotiated with Saavedra for the sale of two kilograms of cocaine on April 14, 1987, was sufficient to establish that the amount of cocaine involved in the transaction that led to Grizales' conviction was in excess of 500 grams. Given that fact, the action of the district judge in imposing the minimum statutory sentence of five years called for by § 841(b)(1)(B) was not error.

### III

The judgment of the district court is affirmed.