STATE OF CONNECTICUT *v.* RICHARD M. HARRIS
(13888)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued April 12—decision released May 29, 1990

*Judith Rossi,* assistant state's attorney, with whom, on the brief, were *Donald B. Caldwell,* state's attorney, *Nina N. Rosen,* assistant state's attorney, and *Eric Higgins,* legal intern, for the appellant (state).

*Arthur P. Meisler,* with whom were *John E. Nimlo,* certified law student intern, and, on the brief, *Joseph D. Courtney,* for the appellee (defendant).

CALLAHAN, J. The defendant, Richard M. Harris, was charged in a summons and complaint with operating a motor vehicle while under the influence of liquor in violation of General Statutes § 14-227a.[1] He subsequently filed a motion in limine requesting that the trial court exclude "any and all statements" made by him until the state had produced "material and substantial corroborative evidence" of the corpus delicti of the crime with which he was charged.

The trial court, after reviewing police reports, the statement of a witness, and memoranda filed by the state and the defendant, determined that there existed insufficient extrinsic evidence of operating under the influence to permit the introduction into evidence, at trial, of the defendant's inculpatory statements.[2] Con-

---

[1] General Statutes § 14-227a (a) provides: "OPERATION WHILE UNDER THE INFLUENCE OF LIQUOR OR DRUG OR WHILE IMPAIRED BY LIQUOR. (a) Operation while under the influence. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[2] There was no evidentiary hearing held.

ceding that it had no other extrinsic evidence and that it would be unable to obtain a conviction without the use of the defendant's statements, the state moved the trial court to dismiss the charge against the defendant with prejudice. See *State* v. *Ross,* 189 Conn. 42, 49, 454 A.2d 266 (1983). The trial court granted the state's motion and also granted the state permission to appeal its ruling on the defendant's motion in limine. See General Statutes § 54-96.[3] We find error.

The evidence available to the trial court for its review disclosed that in the early morning hours of June 4, 1988, at approximately 2:13 a.m., Scott Greenwood was driving on Daly Road in Coventry. At that time, at a point on Daly Road a short distance from his home, he observed a red Jeep lying on its side in the roadway. Apparently the Jeep had struck a large tree and rolled over. A man, later identified as the defendant, was standing in the road alongside the Jeep and flagged down Greenwood. After Greenwood stopped, he observed that the defendant had blood on his hands and face. Greenwood also perceived that the defendant appeared "out of it, like he was drunk." It was Greenwood's impression that the accident had occurred just moments before his arrival because the defendant inspected the damage to the Jeep as if seeing it for the first time.

While at the scene Greenwood refused the defendant's request to assist him in righting the Jeep. Instead, with the defendant's acquiescence, Greenwood proceeded to his home and called the Coventry police. When Officer Nancy Gillon arrived minutes later she

---

[3] "[General Statutes] Sec. 54-96. APPEALS BY THE STATE FROM SUPERIOR COURT IN CRIMINAL CASES. Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused."

observed that the weather was dry, that the defendant had blood on his hands and face from minor cuts, that his eyes were glassy and bloodshot and that there was a strong odor of an intoxicating liquor emanating from his person. The officer also determined from the vehicle's registration that the defendant was the owner of the Jeep. There is no mention in any of the police reports or other documents of any pedestrians or persons in the area of the accident prior to Greenwood's arrival.[4]

While at the scene of the accident the defendant made statements to both Greenwood and Gillon in which he said that he was the only person in the Jeep and that he was its operator at the time of the accident. He also admitted, in response to Gillon's questions while she was preparing the alcohol influence report, that he had been operating the Jeep and that he had been drinking prior thereto. It is these statements to Gillon and Greenwood that the trial court ruled were to be excluded at trial unless the state, independent of the defendant's statements, produced further evidence of the corpus delicti of the crime, i.e., that the defendant was actually operating the Jeep while under the influence of intoxicating liquor prior to the accident.

" 'It is a well-settled general rule that a *naked* extrajudicial confession of guilt by one accused of crime is not sufficient to sustain a conviction when unsupported by *any* corroborative evidence.' (Emphasis added.) *State* v. *Grant,* 177 Conn. 140, 144, 411 A.2d 917 (1979)." *State* v. *Arnold,* 201 Conn. 276, 286, 514 A.2d 330 (1986). Properly, the corroborative evidence of the corpus delicti should be presented; and the court satisfied of its material character and adequacy to ren-

---

[4] The defendant failed a field sobriety test administered at the scene of the accident. He also registered readings of .165 and .148 on breath tests administered at 2:51 a.m. and at 3:25 a.m. respectively.

der any inculpatory statements admissible before they are allowed into evidence. *State* v. *DelVecchio,* 191 Conn. 412, 426–27, 464 A.2d 813 (1983). This corroborating evidence, however, may be circumstantial in nature. *State* v. *Arnold,* supra.

In *State* v. *Tillman,* 152 Conn. 15, 20, 202 A.2d 494 (1964), we adopted Wigmore's definition that limits the required showing of the corpus delicti to the specific kind of loss or injury embraced in the crime charged. 7 J. Wigmore, Evidence (3d Ed.) § 2072. In *Tillman,* which involved a manslaughter prosecution, we held that, "in a homicide case, the corpus delicti is the fact of the death, whether or not feloniously caused, of the person whom the accused is charged with having killed or murdered." *State* v. *Tillman,* supra. *Tillman,* however, did not decide the applicability of its corpus delicti rule to a crime that is conduct oriented rather than harm or injury oriented. In this case, for instance, § 14-227a, the statute allegedly violated by the defendant, does not prohibit any particular harmful result but rather proscribes the conduct of operating a motor vehicle on a public highway while under the influence of intoxicating liquor. Because there is no harmful result or injury embraced in the statute it is nearly impossible to apply the *Tillman* corpus delicti rule to such a crime. See *State* v. *Parker,* 315 N.C. 222, 232–33, 337 S.E.2d 487 (1985).

Therefore, when the crime charged prohibits certain conduct but does not encompass a specific harm, loss or injury, a different approach to the corpus delicti rule, other than that enunciated in *Tillman,* is required. We conclude that the most reasonable approach is that stated in *Opper* v. *United States,* 348 U.S. 84, 93, 75 S. Ct. 158, 99 L. Ed. 101 (1954), wherein the court said: "[W]e think the better rule to be that the corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti.* It is [only]

necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the [defendant's] statement."

"The federal courts are nearly unanimous in approving [this] trustworthiness version of corroboration. . . . Also, the corroboration rule focusing on the sufficiency of independent evidence tending to demonstrate the trustworthiness of the defendant's confession has found favor with [an increasing] number of state courts." (Citations omitted.) *State* v. *Parker,* supra, 235–36; *Bremerton* v. *Corbett,* 106 Wash. 2d 569, 578, 723 P.2d 1135 (1986); see also 4 F. Wharton, Criminal Evidence (14th Ed. 1987), Confessions and Admissions § 648.

Under this formulation of the corroboration rule, proof of the elements of the crime charged, independent of the defendant's statements, is not required before the statements may be admitted, as long as there is sufficient corroborating evidence to demonstrate the reliability of those statements. "The government must introduce sufficient independent evidence that tends to establish that a defendant's admission is trustworthy." *United States* v. *Miller,* 874 F.2d 1255, 1279, reh. denied, 884 F.2d 1149 (9th Cir. 1989). "[I]t is sufficient if the corroboration merely fortifies the truth of the confession without independently establishing the crime charged." *Fallada* v. *Dugger,* 819 F.2d 1564, 1570 (11th Cir. 1987). "But such corroborative evidence need not be in and of itself sufficient to establish, independent of the admission, the corpus delicti; '[i]t is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth.' " *United States* v. *Fasolino,* 586 F.2d 939, 941 (2d Cir. 1978), quoting *Opper* v. *United States,* supra, 93. "Logically therefore, there need be only sufficient corroboration to indicate that the confession or admis-

sion is trustworthy. This does not require proof of the crime by evidence independent of the confession or admission. It does require substantial independent evidence indicating that the admission of the defendant is true." *State* v. *George,* 109 N.H. 531, 533, 257 A.2d 19 (1969); see also *United States* v. *Marshall,* 863 F.2d 1285, 1287 (6th Cir. 1988); *United States* v. *Grizales,* 859 F.2d 442, 445 (7th Cir. 1988); *United States* v. *Trombley,* 733 F.2d 35, 37–38 (6th Cir. 1984); *State* v. *Yoshida,* 44 Haw. 352, 357, 354 P.2d 986 (1960); *State* v. *Zysk,* 123 N.H. 481, 487, 465 A.2d 480 (1983); *State* v. *Hanley,* 116 N.H. 235, 237, 356 A.2d 687 (1976); *State* v. *Lucas,* 30 N.J. 37, 56, 152 A.2d 50 (1959); *State* v. *Parker,* supra, 236.

If, therefore, there is substantial extrinsic evidence tending to demonstrate that the statements of the accused are "true," i.e., trustworthy, the statements are admissible. *United States* v. *Seckler,* 431 F.2d 642, 643 (5th Cir. 1970). The corpus delicti of the crime may then be established by the statements of the accused and the extrinsic evidence considered together. *Smith* v. *United States,* 348 U.S. 147, 156, 75 S. Ct. 194, 99 L. Ed. 192 (1954); *United States* v. *Miller,* supra, 1280; *United States* v. *Grizales,* supra; *United States* v. *Seckler,* supra, 643–44; *State* v. *Yoshida,* supra; 30 Am. Jur. 2d, Evidence § 1142.

This rule concerning the corroboration required for the admission into evidence of postcrime statements of an accused is uncomplicated and workable. It will eliminate the complexities and difficulties attendant upon the application of the corpus delicti rule requiring independent corroborating evidence of all the elements of a crime before an accused's statement may be admitted into evidence. *Landsdown* v. *United States,* 348 F.2d 405, 409 (5th Cir. 1965); *State* v. *Tillman,* supra, 18–20. It is also adaptable to any conduct crime and is more in harmony with the spirit of *Tillman* than

the traditional corpus delicti rule. See *State* v. *Tillman,* supra, 20 n.2; *State* v. *Parker,* supra, 232. Yet, at the same time, it will fulfill the "avowed purpose and reason" for the existence of the corpus delicti rule and protect accused persons against conviction of offenses that have not in fact occurred; see *United States* v. *Johnson,* 589 F.2d 716, 718 (D.C. Cir. 1978); *State* v. *Arnold,* supra, 287; and prevent "errors in convictions based upon untrue confessions alone." *Warszower* v. *United States,* 312 U.S. 342, 347, 61 S. Ct. 603, 85 L. Ed. 876 (1941); *United States* v. *Marshall,* supra.

In this case it would require an ostrich-like view of the previously recited independent evidence to conclude that it did not render the defendant's statements trustworthy. The evidence that the defendant was alongside his overturned Jeep, alone on a deserted road, in the early hours, with fresh injuries and smelling of intoxicating liquor, certainly lends credence to his statements that he had been operating his vehicle on Daly Road prior to the accident and that he had been drinking. The independent evidence was more than sufficient to corroborate the defendant's statements and to attest to their reliability. Those statements, therefore, should not have been suppressed by the trial court in response to the defendant's motion in limine.

Of course, it goes without saying that there can be no conviction in this, or any other criminal case, unless there exists independent evidence that, together with the statements of the accused, furnishes proof beyond a reasonable doubt of each essential element of the crime charged and also of the agency of the accused in its commission. *Opper* v. *United States,* supra, 93; *United States* v. *Montenieri,* 652 F. Sup. 237, 240 (D. Vt. 1986), aff'd, 823 F.2d 545 (2d Cir. 1987); *State* v. *Tillman,* supra, 20–21. Safeguards for the accused, however, should not be turned into doctrinal obstacles whereby the guilty can escape just punishment. *State*

v. *Lucas, supra,* 58 (state's burden is to furnish independent corroborative proof tending to establish that when defendant confessed he was telling the truth).

The judgment is reversed and the case is remanded with direction to reinstate the case on the docket and to deny the defendant's motion in limine.

In this opinion the other justices concurred.