## STATE OF CONNECTICUT *v.* NELSON KARI
### (9199)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued September 23—decision released December 24, 1991

*John R. Williams,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Margaret Luchansky,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of unlawful removal or alteration of records in violation of General Statutes § 53-153.[1] The same jury acquitted the defendant of two counts of tampering with or fabricating physical evidence in violation of General Statutes § 53a-155. On appeal, the defendant claims that the trial court improperly admitted his incriminating statement into evidence and improperly denied his motions for judgment of acquittal. We affirm the trial court's judgment.

The jury could reasonably have found the following facts. In 1986, the defendant was hired as the business manager of the Wallingford board of education. At that time, the board's business office wanted to upgrade its computer system. The defendant subsequently entered into negotiations for the purchase of Hewlett Packard computer software and hardware. On January 22, 1988, the defendant signed a $134,991.72 contract (January contract) for the purchase of the Hewlett Packard computer system. The defendant, however, had no authority to enter into and sign contracts on behalf of the board. Only the superintendent of schools had such authority. Nor did the defendant have authority to purchase supplies and equipment, this authority being vested solely in the town purchasing agent. Moreover, Wallingford's charter requires that all purchases in excess of $2000 go to public bid. The town council has authority to waive the public bid requirement if it determines that such a waiver is in the town's best interest. The board requested such a waiver for this purchase from the town council. While the waiver request was pending, the council learned of the com-

---

[1] General Statutes § 53-153 provides in pertinent part: "Any person who, wilfully and corruptly, takes away, alters, mutilates or destroys any book, record, document, archive or other property in the possession or custody or under the control of any institution, board, commission, department or officer of the state or any county or municipality or court . . . shall be imprisoned not more than ten years."

puter equipment's arrival at the board's offices despite the fact that a bid waiver had not yet been granted.

At a May 24, 1988 meeting, the council asked the superintendent if he had already signed a contract for the purchase. The superintendent replied, "No." When the defendant was asked if he had signed such a contract, the defendant lied in responding, "No." At this meeting, the council denied the board's request for a bid waiver. A proper bidding procedure was then initiated by the purchasing agent and the superintendent of schools. A second contract (August contract) with Hewlett Packard was then signed by the superintendent in August, 1988.

In September of 1988, a town council subcommittee complained to the police and to the chief state's attorney's office regarding possible criminal violations in the contract letting procedure. As part of their investigation, the Wallingford police executed a search warrant at the board's business offices. The August contract, together with invoices pertaining thereto, was located but, with three minor exceptions,[2] the January contract and associated papers could not be found. On April 11, 1989, the defendant admitted to the police that he had thrown out the January contract, together with its invoices and all documentation used to support the application for the bid waiver and the specifications for the bid.

The defendant raises two issues in this appeal. First, he claims that the trial court improperly admitted into evidence an incriminating statement made by him to

[2] The three documents found in the office were (1) a handwritten note that said payment was due on May 1, 1988, (2) a handwritten note on line paper referring to GSA number GSOOK8AG55902 relative to the lease from Hewlett Packard due May 1, 1988, and (3) a Hewlett Packard software certificate license of use dated March 24, 1988.

a police officer. Second, the defendant argues that the trial court improperly denied his motions for judgment of acquittal.

As part of its case-in-chief, the state offered the testimony of a police lieutenant concerning statements made to him by the defendant. The gravamen of these statements was an admission that the defendant had thrown out the documents related to the January contract. The defendant objected to the admission into evidence of these statements on the ground that the state had failed to establish the corpus delicti of the crime of unlawful removal or alteration of records. The trial court disagreed and admitted the inculpatory statements into evidence.

The corpus delicti rule is fundamental jurisprudence to the effect that a person accused of a crime cannot be convicted solely on his own naked confession unsupported by corroborative evidence. *State* v. *Harris,* 215 Conn. 189, 192, 575 A.2d 223 (1990). The purpose of the corpus delicti rule is to prevent convictions for nonexistent crimes based on untrue confessions. *State* v. *Arnold,* 201 Conn. 276, 287, 514 A.2d 330 (1986). Accordingly, before the state may introduce a defendant's confession into evidence, the state must introduce corroborative evidence, direct or circumstantial, that taken together with the confession, establishes the corpus delicti. *State* v. *Comollo,* 21 Conn. App. 210, 216–17, 572 A.2d 1037, cert. denied, 215 Conn. 811, 576 A.2d 542 (1990).

The corpus delicti rule was liberalized in Connecticut in *State* v. *Tillman,* 152 Conn. 15, 20, 202 A.2d 494 (1964). "[T]he significant effect of *State* v. *Tillman,* supra, was to eliminate the requirement of proof of criminality as an element of corpus delecti." *State* v. *Pena,* 1 Conn. App. 344, 348, 471 A.2d 972 (1984). For a defendant's inculpatory statements to be admissible,

the state is required to show only the occurrence of the injury or loss contemplated in the crime. *State* v. *Ruth,* 181 Conn. 187, 198, 435 A.2d 3 (1980). It is not necessary to show that the injury or loss occurred as a result of some person's criminal act.[3] For example, in a homicide prosecution, the corpus delicti is the fact that a death occurred without any requirement that the death be feloniously caused. *State* v. *Tillman,* supra. Thus, the corpus delicti in the present case is the taking away, mutilation or destruction of records without a showing that a criminal act caused such taking away, mutilation or destruction. The state's burden to establish a prima facie case is one of production not persuasion. The corpus delicti does not have to be established beyond a reasonable doubt, or even by a preponderance of the evidence. *Smith* v. *United States,* 348 U.S. 147, 156, 75 S. Ct. 194, 99 L. Ed. 192 (1954); see also *State* v. *Harris,* supra, 194–95.

Circumstantial evidence is sufficient to establish a corpus delicti. *State* v. *Harris,* supra, 193. In this case, the state claims to have presented the following corroborative circumstantial evidence: the testimony of a Hewlett Packard salesman that the defendant signed the January contract; the introduction into evidence of a copy of the contract as an exhibit and evidence that Hewlett Packard shipped the computer equipment to the board; the testimony of the chairman of the board that all documents relating to purchases were stored at the board's business office; and the testimony of a Wallingford police officer, who had executed the search warrant, that he could not find the January contract in the defendant's office but that he found three minor documents relating to it.[4]

---

[3] In *State* v. *Harris,* 215 Conn. 189, 193–96, 575 A.2d 223 (1990), the court further liberalized the corpus delicti rule "when the crime charged prohibits certain conduct but does not encompass a specific harm, loss or injury . . . ." This further liberalization, however, is not implicated in the present case.

[4] See footnote 2, supra.

In light of the foregoing, the trial court correctly concluded that the corpus delicti had been established and allowed the defendant's statements into evidence. Thus, the trial court properly denied the defendant's motion for judgment of acquittal made at the close of the state's case.

Assuming arguendo that the trial court had erroneously concluded that the corpus delicti had been established, we would nevertheless reach the same result. The defendant's principal argument on the corpus delicti issue was that in its case-in-chief the state failed to show that the January contract had ever been in the board's files and, consequently, that he was entitled to a judgment of acquittal at the close of the state's case. After the state rested, the defendant filed a motion for judgment of acquittal, which was denied. The defendant then testified in his own defense and admitted that he had removed the January contract from the board's files and destroyed it. Because the defendant's testimony came after the denial of his motion for judgment of acquittal, the waiver rule precludes him from raising this claim on appeal. "Under the waiver rule, when a motion for acquittal at the close of the state's case is denied, a defendant may not secure appellate review of the trial court's ruling without foregoing the right to put on evidence in his or her own behalf. The defendant's sole remedy is to remain silent and, if convicted, to seek reversal of the conviction because of insufficiency of the state's evidence. If the defendant elects to introduce evidence, the appellate review encompasses the evidence in toto." *State* v. *Rutan,* 194 Conn. 438, 440, 479 A.2d 1209 (1984); see also *State* v. *Ziemba,* 19 Conn. App. 554, 559 n.3, 563 A.2d 716 (1989).

In his brief, the defendant concedes that "[a]ll of this evidence [including his own testimony], taken together,

showed beyond a reasonable doubt that there was a record or document in the possession or control of the Wallingford Board of Education and that such record or document within the time period established by the substitute information was taken away or destroyed by the defendant and that he did so intentionally." Despite this concession, the defendant contends that the state did not prove its case beyond a reasonable doubt because it did not prove that the defendant acted corruptly. *State* v. *Cataudella,* 159 Conn. 544, 552, 271 A.2d 99 (1970). As used in General Statutes § 53-155 "corruptly" means having acted with "a dishonest purpose." *Simmons* v. *Budds,* 165 Conn. 507, 514–15, 338 A.2d 479 (1973), cert. denied, 416 U.S. 940, 94 S. Ct. 1943, 40 L. Ed. 2d 291 (1974). This requires a determination of the defendant's state of mind which generally must be based on circumstantial evidence because direct evidence of a defendant's state of mind is rarely available. *State* v. *Carpenter,* 214 Conn. 77, 83, 570 A.2d 203 (1990).

In the present case, the defendant admitted that he had lied to the town council about signing the January contract. This lie permitted a reasonable inference that the defendant destroyed the contract for the dishonest purpose of covering up his unauthorized conduct. This inference was sufficient to support a finding that the defendant acted corruptly. Thus, the trial court properly denied his motion for a judgment of acquittal made after the presentation of all the evidence.

The judgment is affirmed.

In this opinion the other judges concurred.