STATE OF CONNECTICUT *v.* MARC PIEGER
(13747)

Dupont, C. J., and O'Connell and Hennessy, Js.

Argued March 18—officially released August 6, 1996

*Earle Giovanniello*, with whom, on the brief, was *Frank J. Riccio*, for the appellant (defendant).

*Lisa Herskowitz*, deputy assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's attorney, and *Nicholas J. Bove, Jr.*, assistant state's attorney, for the appellee (state).

HENNESSY, J. The defendant, Marc A. Pieger, after a trial to the court, appeals from his conviction of evading responsibility in violation of General Statutes § 14-224 (a).[1] The defendant claims that the court improperly

---

[1] General Statutes § 14-224 (a) provides: "Each person operating a motor vehicle who is knowingly involved in an accident which causes serious physical injury, as defined in section 53a-3, to or results in the death of any other person shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license number and registration number to the person injured or to any officer or witness to the death or serious physical injury of any person, and if such operator of the motor vehicle causing the death or serious physical injury of any person is unable to give his name, address and operator's license number and registration number to the person injured or to any witness or officer, for any reason or cause, such operator shall immediately report such death or serious physical injury of any person to a police officer, a constable, a state police officer or an inspector of motor vehicles or at the nearest police precinct or station, and shall state in such report the location and circumstances of the accident causing the death or serious physical injury of any person and his name, address, operator's license number and registration number."

(1) denied his motion for judgment of acquittal, (2) found him guilty of evading responsibility, (3) denied his second motion for articulation and (4) directed him to make a "charity donation."

The trial court found that on March 29, 1992, at approximately 9 p.m., the defendant was the owner and operator of a motor vehicle that struck and seriously injured Tammy Sheldon as she crossed Noble Avenue in Bridgeport. The trial court further found that the defendant left the scene of the accident without stopping to render assistance or to give his name and address to a police officer or a witness. The trial court also found that the defendant knew he was involved in an accident based on its finding that the defendant drove his vehicle around Sheldon as she lay in the highway.

I

The defendant first claims that the trial court improperly denied his motion for judgment of acquittal. The gravamen of the claim is that the corpus delicti rule barred consideration of the defendant's admissions to Detective Terrance Lambert[2] because the state had not

[2] Lambert gave the following testimony about a telephone conversation he had with the defendant the day after the accident:

"Q. Good afternoon, Detective Lambert. Directing your attention to March 30, 1992, did you have occasion to speak to a Mr. Marc Pieger?

"A. Yes. Yes, sir.

"Q. And are you a relative, sir, of Mr. Pieger?

"A. No. He's a friend of the family.

"Q. Now, would you explain the circumstances behind the phone call?

"A. I was at the doctor's office. I was beeped by my mother and she told me to call Mr. Pieger, Marc, back.

"Q. Uh-huh.

"A. Concerning a accident.

"Q. Did you call him?

"A. Yes.

"Q. And are you familiar with his voice?

"A. Yes.

"Q. And have you talked to him on the phone before?

presented sufficient independent evidence connecting the defendant to the accident.[3] The defendant argues that without the admissions the evidence is insufficient to prove that the defendant had been involved in the accident.

" ' "It is a well-settled general rule that a *naked* extrajudicial confession of guilt by one accused of crime is not sufficient to sustain a conviction when unsupported by *any* corroborative evidence." (Emphasis added.) *State* v. *Grant*, 177 Conn. 140, 144, 411 A.2d 917 (1979).' *State* v. *Arnold*, 201 Conn. 276, 286, 514 A.2d 330 (1986). Properly, the corroborative evidence of the corpus delicti should be presented, and the court satisfied of its material character and adequacy to render any inculpatory statements admissible before they are allowed into evidence. *State* v. *DelVecchio*, 191 Conn. 412, 426–27, 464 A.2d 813 (1983). This corroborating evidence, however, may be circumstantial in nature. *State* v. *Arnold*, supra." *State* v. *Harris*, 215 Conn. 189, 192–93, 575 A.2d 223 (1990).

"In Connecticut, the corpus delicti rule has two distinct formulations. First, where the crime charged encompasses a specific kind of loss or injury, the state may make use of a defendant's admission at trial only if it proves, with sufficient corroborating evidence, the

"A. Yes.

"Q. And are you sure it was Marc Pieger you were talking to on the phone?

"A. Yes, sir.

"Q. And what was the gist of that conversation?

"A. He had asked me about an accident and I had asked—Yeah, there was a bad accident the night before. And I asked him if he was involved. And he stated, 'Yeah.' And I says, 'It was a hit-and-run. Why didn't you stop? And he says, 'I panicked.'

[3] The defendant made this motion at the close of the state's case-in-chief. The trial court reserved decision on the motion in order to allow the defendant to present testimony relevant to the admissibility of the statement and the corpus delicti rule. The trial court heard expert testimony from the defendant and rebuttal testimony from the state, but nevertheless, convicted the defendant of evading responsibility.

existence of that specific injury or loss. *State* v. *Tillman*, 152 Conn. 15, 20, 202 A.2d 494 (1964). The state does not have to prove the criminality of the underlying loss or injury as an element of the corpus delicti under this formulation. Id. Second, where the crime charged, however, prohibits certain conduct but does not require a specific harm, the state need introduce only substantial independent evidence that would tend to establish the trustworthiness of the defendant's confession. *State* v. *Harris*, [supra, 215 Conn. 194–95]." *State* v. *DesLaurier*, 32 Conn. App. 553, 570–71, 630 A.2d 119 (1993), aff'd, 230 Conn. 572, 646 A.2d 108 (1994).

The defendant has based his motion for judgment of acquittal on the second formulation, which requires the state to introduce substantial independent evidence that tends to establish the trustworthiness of the defendant's statement. The second approach, adopted in *State* v. *Harris*, supra, 215 Conn. 194–95, is based on the proposition that the crime charged prohibits certain conduct and does not require a specific harm. The *Harris* formulation, however, is not applicable to this case. The statute with which the defendant was charged requires that the accident cause serious physical injury, which places it squarely within the first formulation adopted in *State* v. *Tillman*, supra, 152 Conn. 20. See General Statutes § 14-224. As such, in order for the state to use the defendant's admissions at trial it must prove with sufficient corroborative evidence the existence of that specific injury or loss. It need not provide corroborating evidence that the defendant caused the loss or injury.

The victim and her physician both testified as to the victim's injuries. This testimony led the trial court to find the following: "As a result of being struck by the motor vehicle, Tammy sustained multiple trauma to the body and brain. She also fractured the vertebrae in her neck. The result of the impact left her comatose for a

long period of time. The injury she sustained was a serious and permanent injury." This evidence satisfies the requirements set forth in *Tillman* and "once the existence of the crime charged is established, the confession alone may then be used to provide the link between the criminal act and the accused who admits having committed it." *State* v. *Grant*, 177 Conn. 140, 144, 411 A.2d 917 (1979). We conclude that the trial court did not improperly deny the defendant's motion for judgment of acquittal.

## II

The defendant next claims that his conviction should be vacated because the trial court's judgment of acquittal on the reckless driving count and conviction on the evading responsibility in the operation of a motor vehicle count were inconsistent both factually and as a matter of law. The defendant claims that the trial court's judgment of acquittal on the charge of reckless driving was based on conflicting testimony concerning the description of the car seen at the scene of the accident. He contends that because the charges were based on the same evidence, if there was confusion as to whether his car was being driven recklessly, resulting in the judgment of acquittal, there must be confusion as to whether his car was involved in the evading responsibility violation. The defendant argues that by finding him not guilty of reckless driving, the court, in effect, must have had a reasonable doubt that he drove the car involved in the accident, and, if that was the finding, the court cannot find him guilty of evading responsibility for the same incident. The defendant claims that finding him guilty of evading responsibility and not guilty of reckless driving results in a legal impossibility requiring the judgment of the court to be reversed because both charges involved the same incident.

The defendant did not make the "inconsistent verdict" argument to the court at trial, but argues that he is entitled to review of this claim under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). The state contends that even if the claim is reviewable, the verdicts are not inconsistent. Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id., 239–40.

In a jury case, our Supreme Court has held that the claim that inconsistent verdicts must be set aside because of a factual inconsistency is not of constitutional dimension. *State* v. *Gaston*, 198 Conn. 490, 492, 503 A.2d 1157 (1986); see *State* v. *Hinton*, 227 Conn. 301, 313, 630 A.2d 593 (1993). The United States Supreme Court has held that the issue is not of constitutional dimension even if the verdict is rendered by a court rather than a jury. *Harris* v. *Rivera*, 454 U.S. 339, 347–48, 102 S. Ct. 460, 70 L. Ed. 2d 530 (1981). The defendant's claim that the verdicts are factually inconsistent is not of constitutional magnitude and, as such, does not satisfy the second prong of *Golding*. Accordingly, we will not review this claim.

The defendant also claims that the court's findings of guilt are inconsistent as a matter of law citing *State* v. *Hinton*, supra, 227 Conn. 301. The findings, however, are not inconsistent. The claim the defendant makes relates to factual findings and has nothing to do with the proof of the elements of the two crimes. The defendant may not have been driving at such a speed as to

endanger the life of another and may nevertheless have knowingly been involved in an accident causing serious physical injury and not stopped.

## III

The defendant next claims that the court improperly denied his second motion for articulation, which requested the court to set forth the factual basis for finding the defendant not guilty of reckless driving.

Upon denial by the trial court of a motion for articulation made pursuant to Practice Book § 4051, "[a]ny party aggrieved by the action of the trial judge as regards . . . articulation under Sec. 4051 may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court, to be filed with the appellate clerk, and the court may, upon such a motion, direct any action it deems proper. . . ." Practice Book § 4054. The defendant did not file with this court a motion for review of the trial court's denial of his motion for articulation and "the sole remedy of a party seeking review of an order denying articulation or rectification is by a motion for review. *State* v. *Holloway*, 22 Conn. App. 265, 274–76, 577 A.2d 1064, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990)." *State* v. *Vincent*, 30 Conn. App. 249, 261, 620 A.2d 152 (1993), aff'd, 229 Conn. 164, 640 A.2d 96 (1994). The defendant failed to pursue the proper remedy, and, therefore, we do not review his claim.

## IV

The defendant's last claim is that the part of the sentence directing that he make a "charity donation" is not authorized by statute and should be vacated. The court sentenced the defendant to a term of incarceration, part of which was suspended, and five years probation. The court also stated the following: "In addition to the terms of regular probation, the court further

imposes the following conditions . . . . In accordance with the recommendation of the probation department, I am going to order that you . . . make a charity donation of $ 2500 to New Britain Hospital . . . ."

The question posed by the defendant is whether General Statutes § 53a-30 (a), which sets forth the authorized conditions of probation, allowed the court to order that the defendant make a charitable donation as a condition of probation. "Probation conditions serve two primary purposes. [They] are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large. . . . [A] condition of probation may diminish a probationer's liberty rights only to the extent necessary for his reformation and rehabilitation." (Citations omitted; internal quotation marks omitted.) *State* v. *Graham*, 33 Conn. App. 432, 448, 636 A.2d 852, cert. denied, 229 Conn. 906, 640 A.2d 117 (1994). General Statutes § 53a-30 (a) (12) provides that the court may order the defendant to "satisfy any . . . conditions reasonably related to his rehabilitation."

The defendant's actions resulted in the accumulation of medical bills at New Britain Hospital in excess of one million dollars and in serious physical injury to Sheldon. This extraordinary debt and harm to Sheldon was caused by the defendant's criminal act. Payment of a charitable contribution to the hospital in which the defendant's victim received her treatment is a condition that is reasonably related to the defendant's rehabilitation. Although the record does not indicate that the defendant "can afford to pay . . . for the loss or damage" an amount in restitution, as provided by subdivision (4) of § 53a-30 (a), the court was within the bounds of its discretion to have the defendant make a contribution under the general authority of § 53a-30 (a) (12). The donation is a realistic method of making the defendant aware of the damage he has wrought as a result of his

offense. It is one part of a plan of action by the court to rehabilitate the defendant. We conclude that the trial court's order that the defendant pay the New Britain Hospital $2500 is related to the defendant's offense and his rehabilitation.

The judgment is affirmed.

In this opinion DUPONT, C. J., concurred.

O'CONNELL, J., concurring in part and dissenting in part.

I

I agree with the majority's analysis of the corpus delicti rule, but I feel that we should not reach that issue because the defendant improperly used a motion for judgment of acquittal in lieu of a proper evidentiary objection.

The corpus delicti doctrine is a rule of evidence utilized to determine the admissibility of a confession. 2 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 111b (1). If a sufficient foundation has not been established under the applicable *Tillman* or *Harris* decisions, a defendant's confession is not admissible into evidence. *State* v. *Harris*, 215 Conn. 189, 194–95, 575 A.2d 223 (1990); *State* v. *Tillman*, 152 Conn. 15, 20, 202 A.2d 494 (1964). If a defendant does not object to the admission of a confession it becomes part of the evidence and may be considered by the trial court. See *In re Jose M.*, 30 Conn. App. 381, 390, 620 A.2d 804 (1993).

In the present case, the defendant did not object to the confession's coming into evidence. Instead, he waited until the close of the state's case-in-chief when he moved for a judgment of a acquittal. Practice Book §§ 883, 884. Section 883 mandates that "the judicial

authority shall order the entry of a judgment of acquittal as to any . . . offense charged . . . for which the evidence would not reasonably permit a finding of guilty." The trial court must base its ruling on the motion for judgment of acquittal on *all* the evidence that has come into the case up to that point. At that point, it is too late for the defendant to argue that if some of the evidence had not been admitted, the evidence would not have reasonably permitted a guilty finding.

The majority's analysis would allow a defendant to fail to object to any evidence and then at the conclusion of the state's case ask the court to review the state's entire case and to disregard any evidence that, if he had made timely objection, would not have been admitted. This is clearly an improper use of a motion for judgment of acquittal. It may not be used as a substitute for a timely objection. At the time the motion was made, the defendant's confession was in the case and the trial court was required to consider it.

## II

I do not agree with the majority that the trial court properly ordered the defendant to make a $2500 donation to New Britain Hospital.[1] Because such a donation is not authorized by statute, the trial court lacked jurisdiction to impose such an order. The donation to New Britain Hospital should therefore be vacated as an illegal portion of the sentence. Practice Book § 935; *State v. Daniels*, 207 Conn. 374, 387, 542 A.2d 306 (1988).

The penalties for the crime for which the defendant was convicted include a fine of not more than $5000, imprisonment of not less than one year nor more than five years, or both a fine and imprisonment. General

---

[1] I distinguish this case from the situation in which a defendant enters into a voluntary plea agreement that includes a charitable contribution. I reserve my comments on voluntary contributions for a case in which that issue is presented to us.

Statutes § 14-224 (f). In accordance with the statute, the trial court imposed a term of imprisonment of five years, suspended after eighteen months with five years probation. The trial court did not impose a monetary fine but instead ordered the defendant to make a $2500 "charitable donation" to New Britain Hospital. It is readily apparent that a charitable donation is not one of the legislatively sanctioned penalties.

In addition to the statutory penalties for evading responsibility, General Statutes § 53a-30 (a) provides that in any case in which the court imposes a sentence of probation, the court may impose any of twelve conditions of probation. Nothing in this compendium of conditions includes a charitable donation.

The majority finds jurisdiction for the charitable donation in subdivision (12), which allows "any other conditions reasonably related to [the defendant's] rehabilitation." I am not persuaded that ordering the defendant to pay $2500 to New Britain Hospital under the guise of a charitable donation is reasonably related to his rehabilitation.

The majority concludes that the defendant will be rehabilitated if he is required to make a financial contribution out of his own pocket. I agree with this principle, but submit that this beneficial purpose can be achieved within statutory bounds by the imposition of a fine. I am not persuaded that payment of $2500 to New Britain Hospital will have a more rehabilitative effect than payment of a like sum into the coffers of the state.

This court must construe the statute as it finds it without reference to whether we feel that the law might have been improved by the inclusion of other provisions. *Houston* v. *Warden*, 169 Conn. 247, 252, 363 A.2d 121 (1975). If a charitable contribution is to become an authorized disposition in a criminal prosecution it must be added by the legislature and not by the courts.

For these reasons, I respectfully dissent from the majority decision on this issue only.