STATE OF CONNECTICUT *v.* THOMAS TIMMONS
(12986)

PETERS, C. J., HEALEY, SHEA, CRETELLA and A. ARONSON, Js.

Argued May 12—decision released June 16, 1987

*Eugene J. Riccio,* special public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,*

state's attorney, and *Richard F. Jacobson* and *Robert A. Lacobelle,* assistant state's attorneys, for the appellee (state).

PER CURIAM. In this appeal from his conviction of manslaughter in the first degree, a violation of General Statutes § 53a-55 (a) (1),[1] the defendant, Thomas Timmons, has raised two issues. He claims that his conviction should be set aside because (1) the trial court, *Callahan, J.,* failed to afford him a probable cause hearing on the crime of murder with which he had originally been charged, and (2) the trial court, *Stodolink, J.,* misinstructed the jury on the inferences that might be drawn from the defendant's flight from the scene of the crime. These claims of error were first presented to, and rejected by, the Appellate Court; *State* v. *Timmons,* 7 Conn. App. 457, 509 A.2d 64 (1986); and have now been renewed in this court pursuant to our grant of certification. After reviewing the briefs and the record and listening to the oral argument, we conclude that the appeal should be dismissed on the ground that certification was improvidently granted. It would serve no useful purpose for us to repeat the Appellate Court's full and carefully considered discussion of the defendant's claims of error.

The defendant's main contention is that, because a probable cause hearing is a constitutional and jurisdictional prerequisite to a prosecution for murder; Conn. Const., amend. XVII;[2] General Statutes § 54-46a (a);

---

[1] "[General Statutes] Sec. 53a-55. MANSLAUGHTER IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person."

[2] Amendment seventeen to the Connecticut constitution provides in relevant part: "No person shall be held to answer for any crime, punishable by death or life imprisonment, unless upon probable cause shown at a hearing in accordance with procedures prescribed by law, except in the armed forces, or in the militia when in actual service in time of war or public danger."

*State* v. *Mitchell,* 200 Conn. 323, 332, 512 A.2d 140 (1986); *State* v. *Sanabria,* 192 Conn. 671, 673, 474 A.2d 760 (1984); a failure to hold such a hearing deprives the court of subject matter jurisdiction to convict him of the lesser included offense of manslaughter in the first degree. *State* v. *Rodriguez,* 180 Conn. 382, 400, 429 A.2d 919 (1980). We agree with the reasoning of the Appellate Court rejecting this contention because the state was entitled to prosecute the defendant for manslaughter on the basis of the information that it had filed prior to his arraignment.[3]

The appeal is dismissed.

---

[3] The Appellate Court's conclusion finds additional support in our holding in *State* v. *Shipman,* 195 Conn. 160, 486 A.2d 1130 (1985). That case was decided at a time when the governing law interposed a constitutional requirement of a grand jury indictment as a precondition to a prosecution for murder. We held, in *Shipman,* that a challenge to a grand jury indictment was "academic" when a defendant, indicted for murder, was subsequently convicted of the lesser included offense of manslaughter and thereby "implicitly acquitted . . . of the murder charge." Id., 162. We can discern no jurisdictional distinction between noncompliance with the present constitutional requirement of a probable cause hearing and noncompliance with the former constitutional requirement of a grand jury indictment.