STATE OF CONNECTICUT *v.* NELSON KARI
(14450)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and BORDEN, Js.

Argued June 3—decision released June 23, 1992

*John R. Williams,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Margaret Luchansky,* assistant state's attorney, for the appellee (state).

PER CURIAM. In this criminal appeal, the defendant, Nelson Kari, challenges the sufficiency of the evidence to sustain his conviction of unlawful removal or alteration of records in violation of General Statutes § 53-153.[1] The Appellate Court concluded that his conviction should be affirmed. *State* v. *Kari,* 26 Conn. App. 286, 600 A.2d 1374 (1991). We granted certification to permit the defendant to appeal solely on the issue of the sufficiency of the evidence to support a reasonable finding that the defendant had acted "corruptly" within the meaning of the statute.[2]

The opinion of the Appellate Court reports in full the facts that the jury might reasonably have found to support the conviction of the defendant. The defendant contests the reasonableness of an inference of a corrupt motive that a jury might have drawn from evi-

[1] General Statutes § 53-153 provides in relevant part: "Any person who, wilfully and corruptly, takes away, alters, mutilates or destroys any book, record, document, archive or other property in the possession or custody or under the control of any institution, board, commission, department or officer of the state or any county or municipality or court . . . shall be imprisoned not more than ten years."

[2] We certified the following issue: "Was there sufficient evidence in the record to support a reasonable finding that the defendant acted 'corruptly' within the meaning of Connecticut General Statutes § 53-153?" *State* v. *Kari,* 221 Conn. 910, 602 A.2d 9 (1992).

dence establishing that: (1) without the authority to do so, he signed a contract for the purchase of a computer system; (2) in response to an official inquiry, he lied about having signed this contract; and (3) he thereafter destroyed the contract and documentation relating thereto.

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. The certified issue was fully considered in the opinion of the Appellate Court; id., 292; and it would serve no useful purpose for us to repeat the discussion therein contained. See *State* v. *Soltes*, 215 Conn. 614, 615, 577 A.2d 717 (1990); *State* v. *Timmons*, 204 Conn. 120, 121, 526 A.2d 1340 (1987); *State* v. *Marshall*, 199 Conn. 244, 506 A.2d 1035 (1986).

The appeal is dismissed.