### STATE OF CONNECTICUT *v.* RAYMOND C. EHLERS, JR.
### (SC 15937)

McDonald, C. J., and Borden, Norcott, Katz, Palmer, Sullivan and Callahan, Js.[1]

[1] This case was argued on September 24, 1999, before McDonald, C. J., and Norcott, Katz, Palmer and Sullivan, Js. Subsequent to oral argument, this court, pursuant to Practice Book § 70-7 (b), decided, sua sponte, to

Argued September 24, 1999—officially released March 28, 2000

consider the matter en banc without further briefing or argument. Justices Borden and Callahan were added to the panel, and read the briefs and the transcript of oral argument.

*John R. Donovan,* for the appellant (defendant).

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *John T. Redway,* state's attorney, and *Bernadette Conway,* former senior assistant state's attorney, for the appellee (state).

*Opinion*

SULLIVAN, J. The defendant, Raymond C. Ehlers, Jr., was charged in an information with one count of possessing child pornography in violation of General Statutes § 53a-196d.[2] The material in question consists of numerous photographs of young children in the nude, some depicting the children performing sex acts with each other and with adults. The defendant moved to dismiss the information, claiming that § 53a-196d is unconstitutionally vague because it does not define the term "minor." The defendant also claimed that the information must be dismissed because there was insufficient evidence of an essential element of the crime of possessing child pornography. Specifically, he argued that child pornography, as defined in General Statutes § 53a-193 (13),[3] must involve a "live performance,"

---

[2] General Statutes § 53a-196d provides: "(a) A person is guilty of possessing child pornography when he knowingly possesses child pornography, as defined in subdivision (13) of section 53a-193. Possession of a photographic or other visual reproduction of a nude minor for a bona fide artistic, medical, scientific, educational, religious, governmental or judicial purpose shall not be a violation of this subsection.

"(b) Possessing child pornography is a class D felony."

[3] General Statutes § 53a-193 (13), which applies to § 53a-196d, provides: " 'Child pornography' means any material involving a live performance or photographic or other visual reproduction of a live performance which depicts a minor in a prohibited sexual act."

which, in turn, must be before an audience,[4] and that there was no evidence of the existence of an audience in this case because the photographs in question did not show an audience. The trial court denied the defendant's motion to dismiss. The defendant then entered a plea of nolo contendere, conditioned on the right to appeal the denial of his motion to dismiss. See General Statutes § 54-94a. The trial court rendered judgment, sentencing the defendant to three years imprisonment, execution suspended, and three years probation with special conditions. The defendant appealed the judgment of conviction to the Appellate Court and this court transferred the appeal to itself pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

We must decide whether the trial court, in denying the defendant's motion to dismiss, incorrectly determined that: (1) § 53a-196d is not unconstitutionally vague even though it fails to define the term "minor"; and (2) there was sufficient evidence that the materials the defendant possessed met the statutory definition of child pornography, which requires a live performance before an audience. We conclude that the trial court properly denied the defendant's motion to dismiss on both grounds and, accordingly, affirm the judgment of the trial court.

I

We start with the statutory provisions at issue. Section 53a-196d provides in relevant part: "A person is guilty of possessing child pornography when he knowingly possesses child pornography, as defined in subdivision (13) of section 53a-193. . . ." Section 53a-193 (13) defines child pornography as "material involving

---

[4] General Statutes (Rev. to 1995) § 53a-193 (11), which applies to both General Statutes §§ 53a-193 (13) and 53a-196d, provides: " 'Performance' means any play, motion picture, dance or other exhibition performed before an audience."

a live performance or photographic or other visual reproduction of a live performance which depicts a minor in a prohibited sexual act." Section 53a-193 (2) (A) defines minor as "any person less than seventeen years old as used in section 53a-196 and less than sixteen years old as used in sections 53a-196a, 53a-196b and 53a-196c . . . ." Because of an apparent legislative oversight, however, the term minor, as it is used in § 53a-196d, through its incorporation of § 53a-193 (13), is not specifically defined.[5]

The defendant argues that the lack of a statutory definition of minor with respect to § 53a-196d renders the statute unconstitutionally vague, because a person of common intelligence cannot determine whether child pornography includes materials depicting persons younger than eighteen, seventeen or sixteen years of age.[6] He further argues that, because § 53a-196d implicates his first amendment rights, the statute's constitutionality is tested for vagueness on its face. Therefore, he argues, he may challenge the validity of the statute even if his own conduct clearly falls within the statute's proscriptions.[7] We disagree.

[5] Section 53a-196d was enacted in 1995; Public Acts 1995, No. 95-143, § 3; ten years after the most recent of the related sections in the Penal Code was enacted, and after the United States Supreme Court held in *Osborne* v. *Ohio*, 495 U.S. 103, 110 S. Ct. 1691, 109 L. Ed. 2d 98 (1990), that states could criminalize the possession of child pornography without running afoul of the first amendment. The legislature, however, neglected to amend § 53a-193 (2) to include a reference to § 53a-196d.

[6] As we noted previously, § 53a-193 (2) (A) defines a minor as "any person less than seventeen years old as used in section 53a-196 and less than sixteen years old as used in sections 53a-196a, 53a-196b and 53a-196c . . . ." On the other hand, General Statutes § 1-1d provides in relevant part that "[e]xcept as otherwise provided by statute . . . the [term] 'minor' . . . shall be deemed to refer to a person under the age of eighteen years . . . ." The defendant argues that it is not clear which one of these three statutory definitions applies to § 53a-196d.

[7] The defendant conceded at oral argument that § 53a-196d was not vague as applied to his case, because the materials in his possession clearly depicted persons younger than sixteen years of age.

"As a matter of the due process of law required by our federal and state constitutions, a penal statute must be sufficiently definite to enable a person to know what conduct he [or she] must avoid." (Internal quotation marks omitted.) *State* v. *Proto*, 203 Conn. 682, 696, 526 A.2d 1297 (1987). "The [vagueness] doctrine requires statutes to provide fair notice of the conduct to which they pertain and to establish minimum guidelines to govern law enforcement. . . . [A] law forbidding or requiring conduct in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates due process of law." (Citation omitted; internal quotation marks omitted.) *State* v. *Indrisano*, 228 Conn. 795, 802, 640 A.2d 986 (1994).

"[P]erhaps the most important factor affecting the clarity that the Constitution demands of a law is whether it threatens to inhibit the exercise of constitutionally protected rights. If, for example, the law interferes with the right of free speech or of association, a more stringent vagueness test should apply." (Internal quotation marks omitted.) *State* v. *Linares*, 232 Conn. 345, 355, 655 A.2d 737 (1995), quoting *State* v. *Indrisano*, supra, 228 Conn. 803–804. Thus, while ordinarily, "[a] defendant whose conduct clearly comes within a statute's unmistakable core of prohibited conduct" may not challenge the statute because it is vague as applied to some hypothetical situation; *State* v. *Indrisano*, supra, 804; when an allegedly vague statute implicates the first amendment right of free speech, "the statute's constitutionality is tested for vagueness on its face." (Internal quotation marks omitted.) *State* v. *Williams*, 205 Conn. 456, 470, 534 A.2d 230 (1987). The reason for the first amendment exception to the general principle that a defendant cannot challenge a statute that is not vague as applied to his or her conduct is the concern that "persons whose expression is constitutionally pro-

tected may well refrain from exercising their rights for fear of criminal sanctions by a statute susceptible of application to protected expression." (Internal quotation marks omitted.) *New York* v. *Ferber*, 458 U.S. 747, 768, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982).

For the reasons that follow, we conclude that there is no such concern in this case because constitutionally protected speech is not implicated. Accordingly, even if the statute were vague as applied in some hypothetical case, we would conclude that the defendant cannot prevail on his facial challenge under the first amendment.[8]

In *Ferber*, the United States Supreme Court recognized that child pornography is "a category of material outside the protection of the First Amendment . . . ." Id., 763. The Supreme Court also recognized that

---

[8] We conclude later in this opinion that, as a matter of statutory interpretation, the term minor in the definition of child pornography; see General Statutes § 53a-193 (13); which is incorporated in § 53a-196d, is not vague, but means a person under the age of sixteen years. We recognize, however, that, although the trial court's decision was not entirely clear, both the state and the defendant read it as suggesting that, contrary to our interpretation, the age of a minor, for purposes of § 53a-196d, is under eighteen years. Furthermore, the trial court characterized the statute as "unclear." The defendant argues that when a learned trial judge cannot determine the definition of minor for purposes of the statute, it hardly can be said that the statute gives lay persons of ordinary intelligence fair warning. This concern over lack of fair warning is, in large part, addressed by our holding that the term minor, for purposes of § 53a-196d, means a person younger than sixteen years, which is the narrowest of the three possible interpretations. See *State* v. *Breton*, 212 Conn. 258, 270, 562 A.2d 1060 (1989) (this court must put judicial gloss upon constitutionally precarious statute thereby construing it as narrowly as possible in defendant's favor). Even the defendant concedes that he had fair warning that, under any interpretation, possession of materials depicting fifteen year olds is prohibited. We are constrained, however, to make clear that, even if we were to agree with the trial court's characterization of § 53a-196d as "unclear" in some applications, the defendant still cannot prevail on his claim that the statute is facially vague and invalid under the first amendment, even as to conduct clearly within the "unmistakable core meaning of the statute." *State* v. *Indrisano*, supra, 228 Conn. 804.

"[t]here are, of course, limits on the category of child pornography which, like obscenity, is unprotected by the First Amendment. As with all legislation in this sensitive area, the conduct to be prohibited must be adequately defined by the applicable state law, as written or authoritatively construed. Here the nature of the harm to be combated requires that the state offense be limited to works that *visually* depict sexual conduct by children below a specified age." (Emphasis in original.) Id., 764. The Supreme Court held in *Ferber* that the New York statute at issue, which prohibited the promotion of certain conduct and materials involving children less than sixteen years of age; see id., 751; was constitutional. Id., 774.

In *Osborne* v. *Ohio*, 495 U.S. 103, 110 S. Ct. 1691, 109 L. Ed. 2d 98 (1990), the United States Supreme Court held that, because laws prohibiting the possession of child pornography are not premised on the desirability of controlling a person's private thoughts, but, rather, on the desirability of protecting the victims of child pornography; id., 109; such laws do not violate the first amendment. See id., 111. Therefore, it upheld the Ohio statute under review, which, subject to exceptions, prohibited the possession of certain materials depicting persons under eighteen years of age in a state of nudity. Id., 100–107, 113 n.9.

In *United States* v. *X-Citement Video, Inc.*, 513 U.S. 64, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994), the defendant argued that the federal child pornography statute under review[9] was unconstitutionally vague and overbroad because, among other things, it made the age of majority

---

[9] The defendant in *X-Citement Video, Inc.* was convicted of violating the Protection of Children Against Sexual Exploitation Act of 1977, which "prohibits the interstate transportation, shipping, receipt, distribution or reproduction of visual depictions of minors engaged in sexually explicit conduct." *United States* v. *X-Citement Video, Inc.*, supra, 513 U.S. 65–66; see 18 U.S.C. § 2252 (1988 & Sup. II 1990).

eighteen, rather than sixteen as in the New York statute upheld in *New York* v. *Ferber,* supra, 458 U.S. 774. *United States* v. *X-Citement Video, Inc.,* supra, 78. The Supreme Court rejected the defendant's claims and adopted the holding of the Ninth Circuit Court of Appeals below. Id., 79. The Ninth Circuit had noted that it "would not lightly hold that the Constitution disables our society from protecting those members it has traditionally considered to be entitled to special protections—minors." *United States* v. *X-Citement Video, Inc.,* 982 F.2d 1285, 1288 (9th Cir. 1992). The Ninth Circuit went on to reject the defendant's claim that the statute was overbroad on its face because the United States Supreme Court had permitted, in a number of cases, "adult treatment of 16- and 17-year-olds." Id.[10] The court held that those cases merely permitted, rather than required, adult treatment of sixteen and seventeen year olds. Id.; cf. *United States* v. *X-Citement Video, Inc.,* supra, 513 U.S. 72 ("sexually explicit materials involving persons *over the age of 17* are protected by the First Amendment" [emphasis added]).

Based on this line of cases, we conclude that there is no first amendment right to possess materials otherwise covered by the definition of child pornography set forth in § 53a-193 (13) when the person depicted is younger than eighteen years. See *New York* v. *Ferber,* supra, 458 U.S. 763 (child pornography is "a category of material outside the protection of the First Amendment"); see also *United States* v. *X-Citement Video, Inc.,* supra, 513 U.S. 79 (relying on Ninth Circuit's conclusion that first amendment does not require adult treatment of sixteen and seventeen year olds). Although the state may *permit* adult treatment of sixteen and seventeen year olds

[10] The court cited *Stanford* v. *Kentucky,* 492 U.S. 361, 380, 109 S. Ct. 2969, 106 L. Ed. 2d 306 (1989) (eighth amendment does not preclude imposition of death penalty on individuals who committed crime at sixteen or seventeen years of age).

in some contexts, the first amendment does not require such treatment in the context of regulating child pornography, and states may freely regulate pornographic materials depicting persons of that age.

The defendant has conceded, and we agree, that § 53a-196d clearly gives fair notice that possession of child pornography depicting children under the age of sixteen is prohibited, and that it does not prohibit possession of pornographic materials depicting persons eighteen years of age or older. The only arguable ambiguity in the statute is whether it prohibits possession of material depicting sixteen and seventeen year olds. Such material is not protected by the first amendment, and may be freely regulated at the discretion of the legislature. See *United States* v. *X-Citement Video, Inc.*, supra, 982 F.2d 1288. Therefore, there is no danger in this case that "persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions by a statute susceptible of application to protected expression"; (internal quotation marks omitted) *New York* v. *Ferber*, supra, 458 U.S. 768; because no such protected expression is implicated. Even if it is assumed that § 53a-196d is vague as to materials depicting sixteen and seventeen year olds, because first amendment rights are not implicated, we reject the defendant's claims that the statute is facially vague and overbroad. Furthermore, because the defendant's conduct in this case clearly falls within the statute's "unmistakable core meaning of prohibited conduct";[11] *State* v. *Indrisano*, supra, 228 Conn. 804; namely, the possession of pornographic material depicting persons under the age of sixteen years, he may not challenge the statute for vagueness on due process grounds. See id.

Thus far, we have assumed, for purposes of our analysis of the defendant's facial vagueness claim under the

---

[11] See footnote 7 of this opinion.

first amendment, the validity of the defendant's argument that the statute is vague as it applies to materials depicting sixteen and seventeen year olds. We have concluded that the defendant cannot prevail on his claim of facial vagueness even if we assume that the statute is vague in some applications, because the first amendment is not implicated. Furthermore, because the statute is not vague as applied to his conduct, the defendant may not challenge the statute on due process grounds. Nevertheless, we may construe the statute in order to clarify its meaning and to provide constitutional context for the future. See id., 809. For the reasons that follow, we conclude that, as a matter of statutory interpretation, the statute is not vague. We conclude that the term minor, for purposes of § 53a-196d, means persons under the age of sixteen years.

The definition of minor, for purposes of § 53a-196d, is a question of statutory interpretation, and our review is, therefore, plenary. *Wright Bros. Builders, Inc.* v. *Dowling,* 247 Conn. 218, 226, 720 A.2d 235 (1998). "The process of statutory interpretation involves a reasoned search for the intention of the legislature. *Frillici* v. *Westport,* 231 Conn. 418, 431, 650 A.2d 557 (1994). In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . Id.; *Carpenteri-Waddington, Inc.* v. *Commissioner of Revenue Services,* 231 Conn. 355, 362, 650 A.2d 147 (1994); *United Illuminating Co.* v. *Groppo,* 220 Conn. 749, 755–56, 601 A.2d 1005 (1992)." (Internal quotation marks

omitted.) *Bortner* v. *Woodbridge*, 250 Conn. 241, 258–59, 736 A.2d 104 (1999).

In interpreting a statute, "[r]elated statutory provisions, or statutes 'in pari materia,' often provide guidance in determining the meaning of a particular word . . . ." *Stuart* v. *Dept. of Correction*, 221 Conn. 41, 45–46, 601 A.2d 539 (1992). "[I]n the absence of persuasive evidence to the contrary, we may presume that a word used in different parts of the same statutory scheme has the same meaning. See, e.g., *Weinberg* v. *ARA Vending Co.*, 223 Conn. 336, 343, 612 A.2d 1203 (1992) ('where the same words are used in a statute two or more times they will ordinarily be given the same meaning in each instance' . . .)." *State* v. *Rivera*, 250 Conn. 188, 201, 736 A.2d 790 (1999).

As we previously noted, the pertinent statutory provisions, i.e., §§ 53a-196d and 53a-193 (13), read together, do not plainly define the term minor as that term is used in defining child pornography for purposes of § 53a-196d. The term minor, however, is clearly defined for purposes of a closely related statute that also uses the term child pornography, namely, General Statutes § 53a-196c.[12] We note that, before the enactment of § 53a-196d in 1995, § 53a-196c had been the only section of the Penal Code to deal substantively with child pornography. For purposes of § 53a-196c, child pornography is defined as "any material involving a live performance or photographic or other visual reproduction of a live performance which depicts a minor in a prohibited sexual act." General Statutes § 53a-193 (13). In turn, § 53a-193 (2) (A) defines minor, as that term is used in § 53a-196c, through its incorporation of § 53a-193 (13), as "any person . . . less than sixteen years

___

[12] General Statutes § 53a-196c provides in relevant part: "A person is guilty of importing child pornography when, with intent to promote child pornography, he knowingly imports or causes to be imported into the state any child pornography of known content and character. . . ."

old . . . ." Accordingly, the words of the pertinent statutory provisions, read together, plainly indicate that, for the purposes § 53a-196c, child pornography means material depicting a person under the age of sixteen years in a prohibited sexual act. Applying the principle that "word[s] used in different parts of the same statutory scheme [have] the same meaning"; *State* v. *Rivera*, supra, 250 Conn. 201; we conclude that the term child pornography, as used in § 53a-196d, which directly follows § 53a-196c, and which is the only other section of the Penal Code to use that term, includes material covered by the definition of child pornography set forth in § 53a-193 (13) that depicts a person under the age of sixteen years.

Our reliance on the general principle that the same words used in related sections of a statutory scheme have the same meaning finds support in the legislative history of § 53a-196d. During the floor debate in the Senate on the legislation, Senator Stephen R. Somma remarked: "This [legislation] would be constitutional and permitted under . . . *Osborne* v. *Ohio*, [supra, 495 U.S. 103] . . . [which] was rendered in 1990. Eleven states have imposed such a ban. Connecticut currently has in its statute the definition of child pornography. *So it's currently defined*, and would be, could be consistent with the language if adopted today." (Emphasis added.) 38 S. Proc., Pt. 8, 1995 Sess., p. 2894. Thus, the legislature clearly intended the term child pornography in § 53a-196d to have the same meaning that it had in § 53a-196c, the only section of the Penal Code in which the term was fully defined, as of the date of Senator Somma's remarks. As we noted previously, child pornography, as that term is used in § 53a-196c, clearly means materials depicting persons under the age of sixteen years.

"If the meaning of a statute can fairly be ascertained through judicial construction . . . it need not be

stricken for vagueness." *State* v. *Proto*, supra, 203 Conn. 698. "[A] statute as construed may be applied to conduct occurring prior to the construction, provided such application affords fair warning to the defendan[t]. *Dombrowski* v. *Pfister*, 380 U.S. 479, [491 n.7, 85 S. Ct. 1116, 14 L. Ed. 2d 22] (1965) . . . ." (Internal quotation marks omitted.) *Osborne* v. *Ohio*, supra, 495 U.S. 115. The only arguable ambiguity in § 53a-196d is whether it prohibits possession of material depicting sixteen and seventeen year olds. The defendant has conceded that he possessed materials depicting persons under the age of sixteen years. Because the defendant had fair warning that his conduct was prohibited, our construction of the statute may be applied to his conduct. Accordingly, we conclude that the trial court properly rejected the defendant's vagueness challenge.

## II

We next address the defendant's argument that the trial court improperly denied his motion to dismiss because there was insufficient evidence of the existence of an audience for purposes of § 53a-196d. Specifically, the defendant argues that child pornography, as defined in § 53a-193 (13),[13] and incorporated in § 53a-196d, must involve a live performance, which, based on the definition of performance in § 53a-193 (11),[14] must be before an audience, and that there was no evidence of the existence of an audience in this case. The defendant argues, relying on the dictionary definition of audience, that audience, for purposes of § 53a-193 (11), means a group of two or more listeners or spectators.[15] The defendant further argues that, because the materials

---

[13] See footnote 3 of this opinion.

[14] See footnote 4 of this opinion.

[15] The defendant notes that Webster's Ninth New Collegiate Dictionary defines audience as "a group of listeners or spectators," and defines group as "two or more figures." The defendant also notes that the World Book Dictionary defines audience as "people gathered in a place to hear or see."

that he was charged with possessing did not depict live listeners or spectators, there was insufficient evidence of an audience for purposes of § 53a-196d. We disagree.

The meaning of the term audience is a question of statutory interpretation, and our review is, therefore, plenary. *Wright Bros. Builders, Inc.* v. *Dowling,* supra, 247 Conn. 226. "It is well settled that statutory construction involves a reasoned search for the legislature's intent, focusing on the language of the statute, [and] its legislative history, including the purpose and policies behind its enactment . . . ." *Hartford Electric Supply Co.* v. *Allen-Bradley Co.,* 250 Conn. 334, 346, 736 A.2d 824 (1999). We are required to "construe a statute in a manner that will not thwart [the legislature's] intended purpose or lead to absurd results. . . . We must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve. . . . If there are two possible interpretations of a statute, we will adopt the more reasonable construction over one that is unreasonable." (Internal quotation marks omitted.) *Badolato* v. *New Britain,* 250 Conn. 753, 757, 738 A.2d 618 (1999).

Because the Penal Code does not specifically define the term audience for purposes of § 53a-196d, we turn to the legislative history of the statute for guidance. "Statements of legislators often provide strong indication of legislative intent." (Internal quotation marks omitted.) *Lynn* v. *Haybuster Mfg., Inc.,* 226 Conn. 282, 292, 627 A.2d 1288 (1993). During the floor debate in the Senate on the proposed legislation that later was enacted and codified at § 53a-196d, Senator Somma remarked that "[t]he purpose of the [legislation] . . . would essentially do two things, protect the victims of child pornography and destroy the market for child pornography." 38 S. Proc., supra, p. 2894. Thus, § 53a-196d was intended to prevent harm to potential subjects of child pornography by reducing the market for it. The

statute was not intended directly to prohibit the conduct depicted in the material, i.e., sexual contact with a minor, which is prohibited by General Statutes § 53-21,[16] or the employment of a minor in an obscene performance, which is prohibited by § 53a-196a.[17] Rather, § 53a-196d was intended to reduce the incentives for engaging in such prohibited conduct by targeting for prosecution the consumers of material depicting such conduct.

The interpretation urged by the defendant, namely, that audience, as used in § 53a-193 (11), and incorporated in § 53a-196d, means two or more spectators who actually must be depicted in the prohibited material, would completely vitiate the primary statutory purpose of destroying the market for child pornography, thereby protecting the subjects thereof. The interpretation urged by the defendant would lead to the absurd result that the possession of material depicting live performances of minors engaged in prohibited sexual acts would not be prohibited, no matter how harmful the conduct to the minors involved, unless two or more live audience members also were depicted in the material. Thus, marketers and consumers of child pornography could avoid prosecution merely by ensuring that their pornographic materials do not depict any audience members. We see no conceivable reason why the legis-

[16] General Statutes § 53-21 provides in relevant part: "Any person who . . . has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of a class C felony."

[17] General Statutes § 53a-196a provides in relevant part: "(a) A person is guilty of employing a minor in an obscene performance when (1) he employs any minor, whether or not such minor receives any consideration, for the purpose of promoting any material or performance which is obscene as to minors, notwithstanding that such material or performance is intended for an adult audience . . . ."

lature would have intended to limit prosecutions under § 53a-196d in such a way.

Accordingly, we conclude that the requirement in § 53a-196d, through its incorporation of § 53a-193 (11) and (13), that the live performance depicted in the materials be "performed before an audience"; General Statutes § 53a-193 (11); means that there must be some recording or viewing of, or listening to, a live performance, or a reproduction of a live performance, by a person or persons other than the person or persons simultaneously engaged in the performance.[18] The number of such persons recording, viewing or listening to the performance and whether they actually are present at the live performance or depicted in reproductions of it are irrelevant for purposes of determining whether an audience exists.[19] Thus, an audience, for the purposes of § 53a-196d, could consist of a single photographer of the live performance, whether or not he or she actually was present at the performance or ever viewed

[18] We assume that, if a person engaged in the performance himself records the performance, or views or listens to material depicting a reproduction of a performance in which he participated, he will constitute an audience for purposes of § 53a-196d.

[19] Our conclusion is consistent with the understanding of the term audience as reflected in federal case law construing federal statutes regulating child pornography. In *United States* v. *Knox*, 32 F.3d 733 (3d Cir. 1994), the court was called upon to construe a federal child pornography law that, like § 53a-196d, was intended to protect children from the harm caused by being used as the subjects of pornographic materials. See id., 745. In construing the phrase " 'lascivious exhibition,' " the court held that "lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an *audience that consists of himself or like-minded pedophiles.*" (Emphasis added; internal quotation marks omitted.) Id., 747, quoting *United States* v. *Wiegand*, 812 F.2d 1239, 1244 (9th Cir.), cert. denied, 484 U.S. 856, 108 S. Ct. 64, 98 L. Ed. 2d 118 (1987). Although the court was construing the phrase "lascivious exhibition" rather than the term audience, it is clear that the court recognized, as we do, that child pornography laws are intended to prohibit the exhibition and viewing of children engaged in sexual conduct, regardless of the number of spectators or whether the spectators are depicted in any reproduction.

the photographs,[20] or a single person viewing photographs of the performance, whether or not any spectator was present at the live performance or depicted in the photographs. This commonsense interpretation of the statute advances the legislative purpose of protecting children by targeting the market for child pornography.

The defendant has admitted to possessing photographs depicting persons under the age of sixteen years engaged in prohibited sexual acts. The photographs necessarily were taken by a photographer, who would constitute an audience under our reading of § 53a-196d. Therefore, there is ample evidence that the statutory requirement of the existence of an audience has been met. Accordingly, we conclude that the trial court properly denied the defendant's motion to dismiss on the ground that there was insufficient evidence of the existence of an audience.

The judgment is affirmed.

In this opinion the other justices concurred.

---

[20] Under our interpretation, a photographer could, for instance, set up a camera to record a live performance in his or her absence, and still constitute an audience for purposes of § 53a-196d.