[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
 I
The defendant, Edward P. Smith, Jr. (defendant) moves to dismiss the pending charge on the grounds that: (1) a defect in the information and/or insufficiency of evidence or cause to continue said information or place the defendant on trial exists; (2) C.G.S. § 53-153 is void for vagueness under the United States constitution and the Connecticut constitution; (3) the application of C.G.S. § 53-153 to the defendant violates his rights under the first amendment to the United States constitution and article first of the Connecticut constitution; (4) the prosecution of the defendant for a violation of C.G.S. § 53-153 is a violation of the doctrine of desuecude; and (5) the investigating officer failed to disclose a material fact.[1] The Court conducted a hearing on this motion on December 15, 2000 and has received from the parties memoranda of law in support of their respective positions. Following is a review of the facts as presented to this Court for the purposes of the Motion to Dismiss.
 II Facts
CT Page 3132-dz
The defendant was arrested pursuant to an arrest warrant, charging him with the offense of Unlawful Removal or Alteration of Records in violation of C.G.S. § 53-153. The arrest arouse out of the public distribution of confidential records of E.G., (confidentially established pursuant to C.G.S. § 19-498 or, § 52-146e) a patient and resident of Southbury Training School, a state institution under the supervision of the Department of Mental Retardation.
At the time of the arrest, the defendant was employed by the department of mental retardation at Southbury Training School. E.G. was scheduled to be moved from Southbury Training School to a residential group home in Farmington, Connecticut. It is alleged that the defendant took E.G.'s progress notes from June 17, 1999, through May 29, 2000, and E.G.'s meeting minutes dated September 9, 1999, and he carried them from PV-12, the building in which E.G. resided at Southbury Training School, to PV-25, the administrative cottage and photocopied the records in PV-25. He then returned the undisturbed original records to PV 12. The defendant took the photocopied records and distributed them to the Farmington neighborhood.
 III Legal Arguments
The Court initially addresses the issue of whether the request of the defendant to dismiss the charges in the case is properly before this Court.
Practice Book § 41-8 provides that "[t]he following defenses or objections, if capable of determination without a trial of the general issue, shall, if raised prior to trial, be raised by a motion to dismiss the information: (1) Defects in the institution of the prosecution including any grand jury proceedings; (2) Defects in the information including failure to charge an offense; (3) Statute of limitations; (4) Absence of jurisdiction of the court over the defendant or the subject matter; (5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or the placing of the defendant on trial; (6) Previous prosecution barring the present prosecution; (7) Claim that the defendant has been denied a speedy trial; (8) Claim that the law defining the offense charged is unconstitutional or otherwise invalid; or (9) Any other grounds." (See also C.G.S. § 54-56.)[2]
"Pretrial dismissal of criminal charges in any type of case is such a CT Page 3132-ea drastic remedy that it should not be resorted to lightly." State v.Bergin, 214 Conn. 657, 662, 574 A.2d 164 (1990). The defendant's basis for his motion to dismiss is that there is no violation of C.G.S. §53-153. The defendant also argues that the subject statute is unconstitutional for reasons presented.
The prosecution of offenses lies properly with the State's attorneys. "The state's attorneys, who are responsible for prosecuting violations of the criminal laws of this state, are executive branch officials. [Massameno v. Statewide Grievance Committee, 234 Conn. 539, 558-59,663 A.2d 317 (1995)]; see General Statutes § 51-276; see also Conn. Const., amend. XXIII . . . Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decision making to outside inquiry, and may undermine prosecutorial effectiveness by revealing the [state's] enforcement policy. All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute . . ." (Citation omitted; internal quotation marks omitted.) State v.Kinchen, 243 Conn. 690, 699-700, 707 A.2d 1255 (1998).
"Consistently with this principle, the court, [i]n the absence of statutory authority . . . has no power of its own motion to dismiss a criminal prosecution unless there is a fundamental legal defect in the information or indictment (such as want of jurisdiction or form of the information), or a constitutional defect such as denial of the right to a speedy trial. . . . State v. Carr, 172 Conn. 608, 610-11, 376 A.2d 74
(1977); State v. Dills, 19 Conn. App. 495, 500, 563 A.2d 733 (1989)." (Internal quotation marks omitted.) State v. Kinchen, supra,243 Conn. 700-01.
 -A- Defect in Information and/or Insufficiency of Evidence
The defendant first moved to dismiss the charge based on a "[d]efect in the information and/or insufficiency of evidence or cause to continue said information or place the defendant on trial." (Defendant's motion to dismiss). The defendant fails to cite to either a governing statute or Practice Book section. A motion to dismiss can be brought pursuant to Practice Book § 41-8 or C.G.S. § 54-56. This Court finds that neither Practice Book § 41-8 or C.G.S. § 54-56 allows the defendant's motion to dismiss based on his argument of a defect in the information or sufficiency of the evidence.
Under Practice Book § 41-8(5), "[i]nsufficiency of evidence or CT Page 3132-eb cause to justify the bringing or continuing of such information or the placing of the defendant on trial" is a basis for a motion to dismiss. Practice Book § 41-9 limits the application of § 41-8 and provides in pertinent part: "No defendant . . . who has been arrestedpursuant to a warrant may make a motion under subdivision (5) or (9) of Section 41-8." (Emphasis added) See Practice Book § 41-8; State v.Szepanski, 57 Conn. App. 484, 486 n. 3, 749 A.2d 653 (2000); State v.Peeler, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 148396 (April 25, 2000, Ford, J.). Under this Practice Book section, the defendant cannot move to dismiss the cause of action based upon a claim of insufficient evidence because he was arrested pursuant to an arrest warrant.
In addition, the insufficiency prong of C.G.S. § 54-56 is an inappropriate basis for dismissal of an information preceded by an arrest warrant where "no trial has yet been held and where Practice Book § 816 [now § 41-8] is invoked." State v. Dills, 19 Conn. App. 495,503, 563 A.2d 733 (1989). Moreover, the trial court lacks discretion to dismiss an information preceded by an arrest warrant based upon a defendant's "fundamental fairness" argument. See e.g., State v. Jackson,239 Conn. 629, 638, 687 A.2d 485 (1997) (trial court improperly granted the defendant's motion to dismiss based on the state's refusal to disclose the informant's identity.) Because the defendant was arrested based on a valid warrant issued upon probable cause and no trial has yet been held, the Court concludes that the defendant's motion to dismiss based on the insufficiency prong of Practice Book § 41-8 or C.G.S. § 54-56 is procedurally improper.
In addition, the defendant moved for dismissal based on a claim of a defect in the information. The defendant argues, however, only that "the defendant has not violated [General Statutes] § 53-153." The defendant fails to point to any defect in the information. Accordingly, the defendant's motion to dismiss based on a defect in the information is denied.
 -B- Constitutional Challenge Void for Vagueness
In this portion of the defendant's motion to dismiss, the defendant challenged the constitutionality of § 53-153 on the grounds that the statute is so vague under the federal and state constitutions that the CT Page 3132-ec defendant cannot understand what conduct it prohibits.[3] In essence, it appears that the argument is that the statute is so vague that the defendant cannot understand what conduct it prohibits. Additionally, the defendant claimed that the statute failed to establish a guarantee against standardless law enforcement and allows unfettered discretion by police, which would lead to abuse by police authorities and state's attorneys. It is not clear from the defendant's memorandum if he is challenging the statute's constitutionality as to situation's other than his own. Therefore, the Court will limit its inquiry to the statute's impact as applied to the facts of the case before it. See State v.Perruccio, 192 Conn. 154, 158, 471 A.2d 632, appeal dismissed,469 U.S. 801, 105 S.Ct. 55, 83 L.E.2d 6 (1984). It is the State's position that the statute is not vague because it is clearly designed to protect actions such as taking away a state record from one building to another and taking away photocopied records from state property for public distribution.
It is well established law that "[t]he party attacking a validly enacted statute . . . bears the heavy burden of proving its unconstitutionality beyond a reasonable doubt and [the courts] indulge in every presumption in favor of the statute's constitutionality." State v.Jason B., 248 Conn. 543, 556, 729 A.2d 760 (1999). "In choosing between two constructions of a statute, one valid and one constitutionally precarious, we will search for an effective and constitutional construction that reasonably accords with the legislature's underlying intent." State v. Breton, 212 Conn. 258, 269, 562 A.2d 1060 (1989) Moreover, the accused is entitled to have a penal statute strictly construed in his favor. State v. Whiteman, 204 Conn. 98, 101, 526 A.2d 869
(1987); State v. Ryan, 48 Conn. App. 148, 154, 709 A.2d 21, cert. denied, 244 Conn. 930, 711 A.2d 729, cert. denied, 525 U.S. 876,119 S.Ct. 179, 142 L.Ed.2d 196 (1998).
"A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." Hill v. Colorado, 530 U.S. 120 S.Ct. 2480, 2498,147 L.Ed.2d 597 (2000). "The [vagueness] doctrine requires statutes to provide fair notice of the conduct to which they pertain and to establish minimum guidelines to govern law enforcement . . . [A] law forbidding or requiring conduct in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates due process of law . . ." (Citations omitted; internal quotation marks omitted.) State v. Ehlers, 252 Conn. 579, 584, 750 A.2d 1079
CT Page 3132-ef (2000).
Because almost all language is inherently ambiguous to some degree, "mathematical certainty" can never be obtained in the drafting of a statute. Hill v. Colorado, supra, 530 U.S. 120 S.Ct. 2498, citingGrayned v. City of Rockford, 408 U.S. 104, 110, 92 S.Ct. 2294,33 L.Ed.2d 222
(1972); see also State v. Proto, 203 Conn. 682, 698, 526 A.2d 1297
(1987). The test is whether the language conveys sufficiently definite warning as to the proscribed [or required] conduct when measured by common understanding and practices. . . ." (Citations omitted; internal quotation marks omitted.) State v. White, 204 Conn. 410, 415-16,528 A.2d 811 (1987).
"The standard that [the court applies] in determining whether a statute is unconstitutionally vague is influenced by the nature of the right being affected and whether the statute is criminal or civil in nature. Statutes that inhibit constitutionally protected rights and criminal statutes are subject to a more stringent vagueness test [than civil statutes] . . . (Citations omitted.) State v. DeFrancesco, 235 Conn. 426,444-45, 668 A.2d 348 (1995).
When a statute is attacked for vagueness, the court considers two basic principles. "First, the constitutionality of the challenged statute is to be determined by the statute's applicability to the particular facts at issue." State v. Perruccio, supra, 192 Conn. 158. "Second, the statute must give fair warning in order to enable a person to know what conduct he must avoid." Id.
In deciding whether C.G.S. § 53-153 is void due to vagueness as applied to the facts of this case, the Court must determine whether the defendant had sufficient notice and warning that his conduct was prohibited under § 53-153. See State v. Ehlers, supra, 252 Conn. 584;State v. Perruccio, supra, 192 Conn. 158. For the foregoing reasons, the Court finds that C.G.S. § 53-153, while not entirely free from ambiguity, is sufficiently definite to enable a person of common intelligence to know what conduct is prohibited.
Reviewing the language of C.G.S. § 53-153,[4] it is clear that for the state to obtain a conviction, as pertinent to this case, the state must prove the following (in pertinent part) beyond a reasonable doubt: (1) that the actor; (2) willfully and corruptly; (3) takes away, alters, mutilates or destroys; (4) any book, record, document archive or other property; (5) in the possession, custody or control of any institution, board, commission, department . . . "The defendant CT Page 3132-eg specifically challenges the word "corruptly" and the phrase "takes away."
Section 1-1 of the General Statutes, "words and phrases" provides that "[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly." "A statute that is completely lacking in any core meaning or standard by which the public and law enforcement officers may guide their actions is perfectly vague and therefore void." (Citations omitted; internal quotation marks omitted.) State v. Wilchinski,242 Conn. 211, 221 700 A.2d 1 (1997).
The word "corruptly" in the context of C.G.S. § 53-153 means "having acted with a dishonest purpose." State v. Kari, 26 Conn. App. 286,292, 600 A.2d 1374 (1991), appeal dismissed, 222 Conn. 539, 608 A.2d 92
(1992), citing Simmons v. Budds, 165 Conn. 507, 514-15, 338 A.2d 479
(1973), cert. denied, 416 U.S. 940, 94 S.Ct. 1943, 40 L.Ed.2d 291
(1974). The term "corruptly," along with the term "wilfully" require "a determination of the defendant's state of mind which generally must be based on circumstantial evidence because direct evidence of a defendant's state of mind is rarely available." State v. Kari, supra, 292; see alsoState v. Carpenter, 214 Conn. 77, 83, 570 A.2d 203 (1990). In essence, this is a question of fact for a jury to decide and is sufficiently definite to enable a person of common intelligence to know what conduct is prohibited.
Additionally, the defendant challenges the phrase "takes away" of C.G.S. § 53-153. For purposes of this statute, the phrase "takes away" is not vague because any ambiguities that may exist in the use of the phrase are not sufficient to render its meaning incomprehensible to a person of common intelligence. The term "takes away" has not been specifically discussed by any Connecticut court. Webster's Third New International Dictionary defines "take away" as meaning "to bear off to another place," or "remove, separate," or "to cause deprivation of," or "detract." The term "takes away" is not vague because it conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. See State v. White, supra,204 Conn. 415-16. An advancing society and industry may create new interpretations of terms in a statute, however, that does not lead necessarily to the statute's unconstitutionality.
In addition, the fact that the statute creates a specific intent requirement significantly vitiates any claim that its purported vagueness CT Page 3132-eh could mislead a person of common intelligence into misunderstanding what is prohibited. Hoffman Estates v. Flipside, Hoffman Estates, Inc.,455 U.S. 489, 491, 102 5. Ct. 1186, 71 L.Ed.2d 362 (1982); see also, State v. Cavallo, 200 Conn. 664, 672, 513 A.2d 646 (1986).
The defendant also argues that C.G.S. § 53-153 does not guarantee against standardless law enforcement by police authorities and prosecutors due to its alleged imprecision. All criminal statutes require police authorities and prosecutors to exercise discretion in deciding when they should be applied, and when they should not. Therefore, the Court rejects the claim that it vests unfettered discretion in police authorities and prosecutors.
The Court thus finds that C.G.S. § 53-153 is not unconstitutionally vague because the defendant has failed to meet his burden in proving that the language fails to convey sufficiently definite and fair warning to those who are potentially subject to it as to the required conduct when measured by common understanding and practices. State v. DeFrancesco,
supra, 235 Conn. 444; State v. White, supra, 204 Conn. 415-16. For these reasons, the defendant's motion to dismiss on this ground is denied.
 -C- Infringement Upon Free Speech
Asserting that the statute implicates his right to free speech under the first amendment of the United States constitution and article first
of the Connecticut constitution,[5] the defendant argued that C.G.S. § 53-153 is unconstitutionally vague.[6] The state objects to this claim and argues that the statute is constitutional.
"[W]hile ordinarily, [a] defendant whose conduct clearly comes within a statute's unmistakable core of prohibited conduct may not challenge the statute because it is vague as applied to some hypothetical situation . . . when an allegedly vague statute implicates the first amendment right of free speech, the statute's constitutionality is tested for vagueness on its face. . . . The reason for the first amendment exception to the general principle that a defendant cannot challenge a statute that is not vague as applied to his or her conduct is the concern that persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions by a statute susceptible of application to protected expression. . . ." (Citations omitted; internal quotation marks omitted.) State v. Ehlers, supra, 252 Conn. 584-85; see also State v. Proto, supra, 203 Conn. 696-97; State v. Cavallo, supra, CT Page 3132-ei200 Conn. 670; State v. Pickering, 180 Conn. 54, 57-58 n. 3 428 A.2d 322
(1980).
The Court must first determine whether the defendant has standing to raise the claim that C.G.S. § 53-153 is facially void due to vagueness. In deciding whether the defendant has standing to mount a vagueness attack against C.G.S. § 53-153, the defendant must prove that the first amendment applies. State v. Culmo, 43 Conn. Sup. 46, 73642 A.2d 90 (1993), citing Clark v. Community for Creative Nonviolence,468 U.S. 288, 293, 104 S.Ct. 3065, 82 L.Ed.2d 229 (1984). In order for the free speech analysis to apply, C.G.S. § 53-153 must have "the incidental effect of burdening expression," not just criminalizing his conduct. State v. Linares, 232 Conn. 345, 364 n. 15, 655 A.2d 737
(1995).[7]
"[W]hen a statute proscribes intentional conduct, not speech, thefirst amendment is not implicated." State v. Culmo, supra, 43 Conn. Sup., citing State v. Williams, 205 Conn. 456, 474, 534 A.2d 230 (1987). This is so "because conduct is subject to regulation for the protection of society." State v. Culmo, supra, 73, citing Cantwell v. Connecticut,310 U.S. 296, 304, 60 S.Ct. 900, 84 L.Ed. 1213 (1940). "[I]t has never been deemed an abridgment of freedom of speech to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." State v. Ryan, supra, 48 Conn. App. 157, citing Cox v.Louisiana, 379 U.S. 536, 555, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965).
C.G.S. § 53-153 is relatively narrow in scope. It applies only to those who act with the specific intention of wilfully destroying, altering, mutilating or taking away any record under the control of the state for a corrupt purpose. The conduct must be undertaken wilfully, not mistakenly, and it must be done with an evil or corrupt motive. By including a specific intent requirement, the requirement that the person act "wilfully" and "corruptly," the statute is narrowly drawn to avoid infringement on protected rights. See State v. Cavallo, supra,200 Conn. 667. The statute on its face does not implicate speech or expression in any way; it criminalizes conduct only when undertaken with the requisite intent. Section 53-153 is intended to protect the physical well-being of the enumerated items the integrity of their content is protected. See State v. Cataudella, 159 Conn. 544, 553, 271 A.2d 99
(1970); see also United States v. Rosner, 352 F. Sup. 915, 919-22 (S.D. New York, 1972), modified on other grounds, 485 F.2d 1213 (2nd Cir. 1973) aff'd 516 F.2d 269. In addition, C.G.S. § 53-153 does not criminalize the oral or written publication or distribution of the contents of the CT Page 3132-ej state records; instead, the purpose of the General Assembly was to protect the books, records and documents enumerated in the statute not only from removal, mutilation or destruction, but from alteration in such a way as to destroy their meaning and contents." State v. Cataudella,
supra, 553. Therefore, taking into account the prior interpretations of this statute, the Court concludes that C.G.S. § 53-153 does not implicate speech or expression and, as such, is not protected by theFirst Amendment.
The Court concludes that the defendant has not met his burden of demonstrating that C.G.S. § 53-153, on its face, is constitutionally vague. For these reasons, and those previously stated, the defendant's motion on this ground, an infringement upon free speech, to dismiss is denied.
 -D- Doctrine of Desuetude
Finally, the defendant argues that the charges should be dismissed because the statute is "unenforceable under the Doctrine of Desuetude." (Defendant's preliminary memorandum, p. 16). Specifically, the defendant argued that the statute is void for lack of use and is therefore, unconstitutional under the federal and state due process and equal protection clauses. The doctrine of desuetude provides that "a statute may be unconstitutional because of its lack of use." State v. Linares,
supra, 232 Conn. 391 n. 19.
Because C.G.S. § 53-153 has been recently used, and because the defendant has failed to present additional evidence in contravention, the defendant's motion to dismiss under the doctrine of Desuetude is denied. (See Simmons v. Budd, 165 Conn. 507, 338 A.2d 479 (1973); State v.Cataudella, supra, 159 Conn. 544; State v. Kari, supra, 26 Conn. App. 286;State v. Nicoletti, 8 Conn. App. 351, 512 A.2d 235 (1986); Nardella v.Administrator and Town of Colchester, Superior Court judicial district of New London at Norwich, Docket No. 109102 (August 4, 1998, Keneffick,J.).)
 Conclusion
For the foregoing reasons, the defendant's motion to dismiss is denied in its entirety.
FRANK M. D'ADDABBO, JR., J. CT Page 3132-ek